Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Madeline A. Woodall (State Bar No. 351664)
2025-02-03@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

Attorneys for Applicant HMD Global Oy

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. _____<br><br>**_EX PARTE_ APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

Applicant HMD Global Oy ("HMD") respectfully submits this *ex parte* application for an order under 28 U.S.C. § 1782 to obtain discovery for use in foreign proceedings. HMD respectfully seeks an order authorizing service of a document subpoena to Apple Inc. including a single request for documents: "All agreements between you and Huawei, including the 2015 agreement referred to on page 11 of the Huawei White Paper entitled 'The Foundation of Innovation' (2020), https://www-file.huawei.com/-/media/CORP2020/pdf/download/Huawei_IPR_White_paper_2020_en.pdf." Documents responsive to this request are relevant to HMD's defense of pending patent infringement claims asserted by Huawei Technologies Co., Ltd. ("Huawei") against HMD in three actions before the courts in Munich, Germany. In those three actions, HMD argues that Huawei cannot maintain its claims against HMD for injunctive relief, recall, and destruction of allegedly infringing devices, because Huawei failed to provide HMD with proposed license terms that are fair, reasonable and non-discriminatory, or FRAND. HMD asserts that Huawei provided Apple with license terms materially better than those it offered HMD, and thus Huawei's proposed terms to HMD could not be FRAND. To establish this defense, HMD must review the terms found within Huawei's licenses to Apple. This application seeks those terms.

This application is supported by the concurrently filed Memorandum of Points and Authorities, Declaration of Matthew S. Warren, Declaration of Andreas von Falck and the proposed subpoena attached as Exhibit A to the Declaration of Matthew S. Warren.

Courts in this District have authorized and accepted *ex parte* applications for orders to obtain discovery under Section 1782. "Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte* basis, since 'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *In re Qualcomm Inc.*, No. 18-80104, 2018 WL 3845882, at *2 (N.D. Cal. Aug. 13, 2018) (quoting *IPCom GmbH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014)); *see also In re Varian Med. Sys. Int'l AG*, No. 16-80048, 2016 WL 1161568, *2 (N.D. Cal. Mar. 4, 2016)

//

//

//

("§ 1782 petitions are regularly reviewed on an *ex parte* basis."). Nevertheless, HMD conferred with Apple before filing this application and will serve Apple with a copy of it immediately after filing.

Date: February 3, 2025

Respectfully submitted,

/s/ Matthew S. Warren

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Madeline A. Woodall (State Bar No. 351664)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
2025-02-03@cases.warrenlex.com

*Attorneys for HMD Global Oy*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    The Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    Standard-Essential Patents and FRAND Obligations . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    C.    Huawei's Infringement Actions Against HMD in Germany, and HMD's Responses . . . . . . . . . . 2

    D.    Huawei's Patent License Agreements With Apple and Huawei's FRAND Obligation . . . . . . . . 3

    E.    Despite Their Relevance, Huawei Has Refused to Produce Its Licenses to Apple . . . . . . . . . . . 3

    F.    HMD Cannot Seek These Documents in Germany, but the Courts Will Consider Them . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.    HMD's Application Meets the § 1782 Statutory Requirements . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.    Apple is Found in This District . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.    The Discovery is for Use In a Foreign Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    C.    HMD Is An "Interested Person" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.    The *Intel* Discretionary Factors Favor Granting Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    The German Court May Not Compel Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.    The German Court Is Not Hostile to This Application . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

    C.    The Application Has Not Been Filed to Circumvent Any Law or Rule . . . . . . . . . . . . . . .7

    D.    The Discovery Requests Are Not Unduly Intrusive or Burdensome . . . . . . . . . . . . . . . . .7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF AUTHORITIES

*Cases* **Pages**

*In re Ex Parte Application of Apple Inc.*,
 No. 15-1780, 2015 WL 5838606 (S.D. Cal. Oct. 7, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Ex Parte Application of Apple Inc.*,
 No. 18-1055, 2018 WL 5004997 (S.D. Cal. Oct. 16, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Bayerische Motoren Werke AG*,
 No. 19-80272, 2019 WL 5963234 (N.D. Cal. Nov. 13, 2019) . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*Matter of Canadian Imperial Bank of Com.*,
 No. 24-80070, 2024 WL 3226794 (N.D. Cal. June 27, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*CPC Pat. Techs. PTY Ltd. v. Apple, Inc.*,
 No. 21-80091, 2023 WL 3579314 (N.D. Cal. Jan. 3, 2023),
 *appeal dismissed*, 119 F.4th 1126 (9th Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
 633 F.3d 591 (7th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Huawei Techs. Co. Ltd. v. ZTE Corp.*,
 No. C-170/13, ECLI:EU:C:2015:477 (C.J.E.U. June 16, 2015) . . . . . . . . . . . . . . . . . . . . . 1-2

*In re Illumina Cambridge Ltd.*,
 No. 19-80215, 2019 WL 5811467 (N.D. Cal. Nov. 7, 2019) . . . . . . . . . . . . . . . . . . . . . . . . 6-7

*Intel Corp. v. Advanced Micro Devices, Inc.*,
 542 U.S. 241 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-7

*In re IPCom GMBH & Co. KG*,
 No. 14-80037, 2014 WL 12772090 (N.D. Cal. Apr. 10, 2014) . . . . . . . . . . . . . . . . . . . . 3, 6-8

*Khrapunov v. Prosyankin*,
 931 F.3d 922 (9th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

*In re Ex Parte Motorola Mobility, LLC*,
 No. 12-80243, 2012 WL 4936609 (N.D. Cal. Oct. 17, 2012) . . . . . . . . . . . . . . . . . . . . . . . 4-5

*In re Path Network, Inc.*,
 703 F. Supp. 3d 1046 (N.D. Cal. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6

*In re Qualcomm Inc.*,
 No. 18-80104, 2018 WL 3845882 (N.D. Cal. Aug. 13, 2018) . . . . . . . . . . . . . . . . . . . . . . . 4-5

*Qualcomm Inc. v. Apple Inc.*,
 No. 24-80019, 2024 WL 536355 (N.D. Cal. Feb. 9, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

# TABLE OF AUTHORITIES
*(continued)*

*Cases*                                                            **Pages**

*Request From First Instance Nat'l Civ. Ct. No. 94 in Buenos Aires, Argentina,*
    No. 20-189, 2020 WL 807489 (N.D. Cal. Feb. 18, 2020) .............................. 5

*In re Takagi,*
    No. 23-80124, 2023 WL 4551074 (N.D. Cal. July 13, 2023) ........................... 5

*In re Todo,*
    No. 22-80248, 2022 WL 4775893 (N.D. Cal. Sept. 30, 2022) ......................... 5

*In re: Ex Parte Application Varian Med. Sys. Int'l AG,*
    No. 16-80048, 2016 WL 1161568 (N.D. Cal. Mar. 4, 2016) .......................... 6

*Statutes & Rules*

28 U.S.C. § 1782. .............................................................. *passim*

*Other Proceedings*

*In re Ex Parte Application of Apple Inc.,*
    No. 15-1780, Docket No. 1 (S.D. Cal. Aug. 13, 2015) .......................... 5-6, 8

*In re Ex Parte Application of Apple Inc.,*
    No. 18-1055, Docket No. 1 (S.D. Cal. May 29, 2018) .............................. 7

*DH Int'l Ltd. v. Apple Inc.,*
    No. 24-6185, Docket No. 15 (N.D. Cal. Feb. 20, 2024) ............................. 5

# INTRODUCTION

In three actions before courts in Munich, Germany, Huawei alleges that HMD infringes patents essential to the 4G and 5G mobile standards. In response, among other defenses, HMD argues that Huawei has not honored its commitment to license these standard-essential patents on fair, reasonable, and non-discriminatory, or "FRAND" terms. To support this argument, HMD asserts that Huawei, in its recent patent license to Apple, gave Apple materially better terms than it offered to HMD. If that is so, then it means that Huawei did *not* offer HMD the required FRAND terms and, under European law, *that* means that Huawei cannot maintain its claims against HMD for injunctive relief, recall, and destruction of allegedly infringing devices. So the terms that Huawei gave Apple are central to HMD's defense. But there is a snag: although the German courts will consider Huawei's licenses to Apple if HMD can obtain them, HMD cannot obtain these licenses from the German courts. Hence this application, which seeks to serve a single, narrowly tailored discovery request seeking agreements between Huawei and Apple. HMD's application meets the statutory requirements of 28 U.S.C. § 1782, and the discretionary *Intel* factors support granting the application. HMD respectfully requests that the Court allow HMD to gather this critical evidence by granting this application.

# BACKGROUND

## A. The Parties

Applicant HMD is a Finnish company with its principal place of business at Bertel Jungin aukio 9, 02600, Espoo, Finland. HMD develops, markets, and sells mobile devices across the globe.

Apple is a California corporation with its principal place of business at One Apple Park Way, Cupertino, California, 95014. Apple 10-K at 1 (Nov. 1, 2024), https://www.sec.gov/Archives/edgar/data/320193/000032019324000123/aapl-20240928.htm. Apple is not a party to the German proceedings between Huawei and HMD. *See* Declaration of Andreas von Falck ("von Falck Decl.") ¶ 5.

## B. Standard-Essential Patents and FRAND Obligations

Under European law, "actions for a prohibitory injunction or for the recall of products" based on patents essential to a telecommunication standard such as 4G or 5G may "constitute an abuse within the meaning of Article 102" of the Treaty on the Functioning of the European Union, if the holder of the asserted standard-essential patents did not meet obligations set forth by the Court of Justice of the

European Union in *Huawei Techs. Co. Ltd v. ZTE Corp.*, No. C-170/13, ECLI:EU:C:2015:477 (C.J.E.U. June 16, 2015). Under *Huawei v. ZTE*, before filing an infringement action, the holder of a standards-essential patent must first "alert the alleged infringer of the infringement complained about by designating that SEP and specifying the way in which it has been infringed." *Id.* ¶ 61. Once "the alleged infringer has expressed its willingness to conclude a licensing agreement on FRAND terms," the patentee must present a "specific, written offer for a licence on FRAND terms." *Id.* ¶ 63; *see* von Falck Decl. ¶ 15. If the patentee fails to make a FRAND offer before filing suit, for example by offering "significantly less favorable" terms than those granted to other comparable licensees, European courts will find the offer to be discriminatory, thus breaching the "ND" portion of "FRAND" (von Falck Decl. ¶ 16), and hold that the patentee "cannot, without infringing Article 102 TFEU, bring an action for a prohibitory injunction or for the recall of products." *Huawei v. ZTE*, No. C-170/13 ¶ 60.

**C.     Huawei's Infringement Actions Against HMD in Germany, and HMD's Responses**

On November 3, 2022, Huawei filed three suits against HMD in the Munich District Court of Munich, Germany, each asserting infringement of a single patent by HMD products using the 4G and 5G mobile standards. *See* von Falck Decl. ¶¶ 5, 10-11. Each of these actions seeks, among other things, "a prohibitory injunction" and the "recall of products," and is therefore subject to Huawei's obligation "to grant licences on FRAND terms." *Huawei v. ZTE*, No. C-170/13 ¶ 59; *see* von Falck Decl. ¶ 5. Germany separates litigation of infringement and validity, and so HMD responded with three nullity actions in Germany's Federal Patent Court. *See* von Falck Decl. ¶ 12. HMD also asserted other arguments, including that Huawei had failed to meet its FRAND obligations and thus could not seek "a prohibitory injunction" or "recall of products" under *Huawei v. ZTE*. *See* von Falck Decl. ¶ 14.

In the courts of first instance, HMD's arguments of non-infringement prevailed regarding two of the three patents asserted by Huawei. *See* von Falck Decl. ¶ 7. Huawei appealed both findings, and its appeals are pending before the Munich Higher Regional Court. *See id.* Huawei's third infringement action, and HMD's nullity actions, remain pending in the courts of first instance. *See* von Falck Decl. ¶¶ 9, 12. Although two matters are on appeal to the Munich Higher Regional Court, that does not mean that the record is closed: the court will consider evidence not asserted in the court of first instance if, among other reasons, the facts presented were unknown to the presenting party during the first

instance proceedings. *See* von Falck Decl. ¶ 8; *see also, e.g.*, *In re IPCom GMBH & Co. KG*, No. 14-80037, 2014 WL 12772090, at *1 (N.D. Cal. Apr. 10, 2014) (noting that "unlike American appellate courts, German appellate courts may receive facts on appeal").

### D. Huawei's Patent License Agreements With Apple and Huawei's FRAND Obligation

Huawei has publicly entered into agreements with competitors of HMD, including Apple. *See* von Falck Decl. ¶ 20. Huawei has also publicly stated that its "innovation and IP milestones" include a 2015 "patent license agreement with Apple, to whom it licensed wireless standard essential patents." HUAWEI TECHS., CO., THE FOUNDATION OF INNOVATION 11 (2020), https://www-file.huawei.com/-/media/CORP2020/pdf/download/Huawei_IPR_White_paper_2020_en.pdf. Huawei's licenses to Apple are central to HMD's FRAND defense. *See supra* § C; von Falck Decl. ¶ 14. If Huawei offered HMD "significantly less favorable" license terms for its standard-essential patents than it gave Apple for the same patents, "[i]n the absence of any apparent justification," HMD can argue that Huawei breached its "obligation to provide a FRAND offer." *Id.* ¶ 16. If successful, this argument "would lead to a dismissal of at least Huawei's claims for injunctive relief, recall and destruction." *Id.* ¶ 17.

### E. Despite Their Relevance, Huawei Has Refused to Produce Its Licenses to Apple

In early 2019, before Huawei filed its complaints alleging patent infringement in the Munich District Court, HMD and Huawei engaged in licensing discussions concerning the patents at issue in the German proceedings. *See* von Falck Decl. ¶ 19. In the early stages of these licensing discussions, HMD requested that Huawei disclose agreements between Huawei and other licensees concerning the patents at issue or comparable patents to determine whether, and if so, to what extent, HMD would require a license from Huawei. *See id.* Huawei did not provide the requested documents. *See id.* Since then, HMD has repeatedly requested these documents from Huawei. *See id.*

In November 2023, HMD sought to support its FRAND and other defenses using Huawei's license agreements, seeking first production of Huawei's licenses with Qualcomm. *See* von Falck Decl. ¶ 26. Instead of producing the requested documents, Huawei filed an application in one of the infringement proceedings for a "production order against itself" under the German Civil Code of Procedure to voluntarily disclose "cherry picked" license agreements between Huawei and parties that cannot be considered HMD's competitors in "the relevant product market." *Id.* ¶¶ 20-21. The Munich

District Court exercised its discretion to grant Huawei's "request against itself" and issued a production order requiring Huawei to disclose the agreements Huawei volunteered to produce. *See id.* ¶ 24. Additionally, the court denied HMD's production request but did not provide a reason for the decision. *See id.* ¶ 27. Huawei has persistently refused to make any further disclosures. *See* von Falck Decl. ¶ 31. In fact, during the oral arguments in the German proceedings, Huawei's counsel suggested that HMD could obtain Huawei's license agreements by filing a request under 28 U.S.C. § 1782. *See id.*

### F. HMD Cannot Seek These Documents in Germany, but the Courts Will Consider Them

Although Germany does not provide any further mechanism for HMD to seek discovery, *see* von Falck Decl. ¶ 28, if HMD can obtain the documents it seeks through this application, both the Munich District Court hearing one infringement claim and the Munich Higher Regional Court hearing the other two infringement claims will consider them. *See id.* ¶¶ 8-10, 29-32.

## ARGUMENT

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Over time, Congress has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Id.* at 247-48. "Evaluating an application for leave to serve a subpoena under Section 1782 requires a two-part analysis: (1) the statutory requirements and (2) the discretionary requirements." *In re Path Network, Inc.*, 703 F. Supp. 3d 1046, 1059 (N.D. Cal. 2023).

### I. HMD's Application Meets the § 1782 Statutory Requirements

A district court may "to permit discovery if: (A) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (B) the discovery is 'for use in a proceeding in a foreign or international tribunal;' and (C) the application is made by a foreign or international tribunal or 'any interested person.'" *Path Network*, 703 F. Supp. 3d at 1059 (quoting *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019)). HMD meets these requirements.

#### A. Apple is Found in This District

"Apple resides in this district." *In re Qualcomm Inc.*, No. 18-80104, 2018 WL 3845882, at *2 (N.D. Cal. Aug. 13, 2018); *see, e.g.*, *In re Ex Parte Motorola Mobility, LLC*, No. 12-80243, 2012 WL

4936609, at *2 (N.D. Cal. Oct. 17, 2012); *Request From First Instance Nat'l Civ. Ct. No. 94 in Buenos Aires, Argentina*, No. 20-80042, 2020 WL 807489, at *2 (N.D. Cal. Feb. 18, 2020); *In re Takagi*, No. 23-80124, 2023 WL 4551074, at *2 (N.D. Cal. July 13, 2023). "A business entity's residency for the purpose of Section 1782 is 'where the business is incorporated, is headquartered, or where it has a principal place of business.'" *Path Network*, 703 F. Supp. 3d at 1060 (quoting *In re Todo*, No. 22-80248, 2022 WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022)). Apple meets this test: it is a California corporation with its principal place of business at One Apple Park Way, Cupertino, California, 95014. This is not controversial; indeed, Apple routinely reaffirms these points itself. *See, e.g.*, *DH Int'l Ltd. v. Apple Inc.*, No. 24-6185, Docket No. 15 ¶ 6 (N.D. Cal. Feb. 20, 2024).

### B. The Discovery is for Use In a Foreign Proceeding

HMD seeks discovery for use in proceedings "in a foreign or international tribunal," or three of them: Huawei's patent infringement suits pending before the Munich District Court and the Munich Higher Regional Court. *Khrapunov*, 931 F.3d at 925 (quoting 28 U.S.C. § 1782(a)). Document requests for use in "patent infringement suits pending in the District Courts in Munich and Mannheim, Germany" are "discovery for use in proceedings before a foreign tribunal." *Qualcomm*, 2018 WL 3845882, at *2.

### C. HMD Is An "Interested Person"

Named "litigants in the foreign proceeding," such as HMD, are "prototypical interested persons" under § 1782. *Path Network*, 703 F. Supp. 3d at 1062; *see* von Falck Decl. ¶ 5; *see, e.g.*, *In re Ex Parte Application of Apple Inc.*, No. 15-1780, Docket No. 1 at 6:6-12 (S.D. Cal. Aug. 13, 2015). Thus, there is "no doubt" that HMD qualifies as an "interested person" under § 1782. *Intel*, 542 U.S. at 256.

## II. The *Intel* Discretionary Factors Favor Granting Discovery

Although HMD satisfies the statutory requirements of 28 U.S.C. § 1782, "[s]imply because the Court has the authority to grant" an application under § 1782, "does not mean that it is required to do so." *Qualcomm*, 2018 WL 3845882, at *2. "In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors." *Id.* Those factors are

> (A) whether the "person from whom discovery is sought is a participant in the foreign proceeding;" (B) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance;" (C) whether the request "conceals an attempt to circumvent

foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (D) whether the request is "unduly intrusive or burdensome."

*Path Network*, 703 F. Supp. 3d at 1062 (quoting *Intel*, 542 U.S. at 264-65); *see also Qualcomm Inc. v. Apple Inc.*, No. 24-80019, 2024 WL 536355, at *2 (N.D. Cal. Feb. 9, 2024). The *Intel* factors further favor granting HMD's application.

### A. The German Court May Not Compel Discovery

The first *Intel* factor "weighs in favor of granting the application" where the applicant seeks discovery from an entity that is "not a party to the foreign proceedings." *Matter of Canadian Imperial Bank of Com.*, No. 24-80070, 2024 WL 3226794, at *2 (N.D. Cal. June 27, 2024). "Most civil-law systems lack procedures analogous to the pretrial discovery regime operative under the Federal Rules of Civil Procedure" and discovery procedures are "generally more restricted, or nonexistent." *Intel*, 542 U.S. at 261 n.12; *see also, e.g.*, *Apple*, No. 15-1780, Docket No. 1 at 6:17-19 ("Since Qualcomm is not a party to the foreign litigations, the material Apple seeks, licenses in Qualcomm's possession, may not be within the foreign tribunal's jurisdictional reach."). This factor supports HMD's application.

### B. The German Court Is Not Hostile to This Application

The second *Intel* factor "weighs in favor of authorizing service of the subpoenas" where, as here, the applicant "represents that German courts have been receptive in other matters to assistance in discovery from the United States" and there is no "evidence that German courts would object" to the "discovery of the information sought in the subpoenas, or that they object more generally to the judicial assistance of the U.S. federal courts." *In re Bayerische Motoren Werke AG*, No. 19-80272, 2019 WL 5963234, at *4 (N.D. Cal. Nov. 13, 2019); *see* von Falck Decl. ¶ 32. If HMD can obtain Huawei's licenses to Apple, the German courts will consider their terms. *See supra* § F; *see, e.g.*, *BMW*, 2019 WL 5963234, at *4; *IPCom*, 2014 WL 12772090, at *1 n.5, *3. "Many other courts" in this District "have held that Germany is receptive to judicial assistance from a federal court." *CPC Pat. Techs. PTY Ltd. v. Apple, Inc.*, No. 21-80091, 2023 WL 3579314, at *4 (N.D. Cal. Jan. 3, 2023), *appeal dismissed*, 119 F.4th 1126 (9th Cir. 2024); *see, e.g.*, *In re Illumina Cambridge Ltd.*, No. 19-80215, 2019 WL 5811467, at *4 (N.D. Cal. Nov. 7, 2019); *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-80048, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016). This factor supports HMD's application.

### C. The Application Has Not Been Filed to Circumvent Any Law or Rule

"The third *Intel* factor weighs in favor of discovery unless the applicant is attempting to circumvent the foreign country's proof-gathering restrictions." *Illumina*, 2019 WL 5811467, at *5. "The fact that more evidence may be obtained via a section 1782 application than via the foreign discovery procedures does not amount to circumvention and does not militate against approval of the application." *Id.* Instead, where an applicant seeks information German courts will review, "there is no circumvention because 'U.S. courts have routinely granted applications under Section 1782 for discovery of evidence to be used in German proceedings.'" *Illumina*, 2019 WL 5811467, at *5 (quoting *IPCom*, 2014 WL 12772090, at *3); *see Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) (reversing denial of § 1782 application after finding error in District Court's conclusion that applicant "was seeking to circumvent German law"). Apple itself has benefited from this rule. In 2018, Apple used § 1782 to seek documents for use in German patent litigation, including "Qualcomm's licensing agreements with Apple's iPhone manufacturers." *In re Ex Parte Application of Apple Inc.*, No. 18-1055, Docket No. 1 at 1:23-24 (S.D. Cal. May 29, 2018). In discussing the third *Intel* factor, Apple noted that "Section 1782 does not require that the documents sought be discoverable in the foreign tribunal" (*id.* at 7:26-27), and argued that it was not proceeding in "bad faith" because it was "unaware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks through Section 1782," and because "U.S. courts have routinely granted applications under Section 1782 for evidence to be used in German courts." *Id.* at 8:1-6. The Court granted the application. *Id.*, 2018 WL 5004997 (S.D. Cal. Oct. 16, 2018). Just as Apple did, HMD proceeds in good faith and expects the German courts to consider evidence it gathers. *See supra* § F. This factor supports HMD's application.

### D. The Discovery Requests Are Not Unduly Intrusive or Burdensome

The "fourth *Intel* factor favors granting" a request that is "narrowly tailored to documents directly relevant to the" foreign litigation. *Qualcomm*, 2024 WL 536355, at *3. HMD's single request is the opposite of unduly burdensome, seeking only "All agreements between you and Huawei, including the 2015 agreement referred to on page 11 of the Huawei White Paper entitled 'The Foundation of Innovation' (2020), https://www-file.huawei.com/-/media/CORP2020/pdf/download/Huawei_IPR_White_paper_2020_en.pdf." This discrete set of documents, likely found together in either physical or

virtual storage, are both highly relevant and easy to find, avoiding any burden on Apple. Apple has previously confirmed that requests of this scope are not burdensome. In 2015, Apple filed a § 1782 application seeking "intellectual property licenses between Qualcomm and Ericsson and communications regarding these licenses," and argued that "[t]he universe of responsive documents is thus likely to be small and easily searchable, avoiding any undue burden on Qualcomm." *Apple*, No. 15-1780, Docket No. 1 at 8:9-12. The Court granted Apple's application. *Id.*, 2015 WL 5838606, at *5 (S.D. Cal. Oct. 7, 2015). HMD's request here is much narrower than Apple's in 2015, as it seeks only "agreements" and does not include the additional request for communications regarding those agreements, which would require searching outside the defined set of executed agreements that companies generally maintain in a central location. This Court has previously ruled that similar requests or even broader requests are not burdensome. *See, e.g.*, *BMW*, 2019 WL 5963234, at *1, *5; *IPCom*, 2014 WL 12772090, at *3. This factor, too, favors HMD's application.

## CONCLUSION

HMD has satisfied the statutory requirements of 28 U.S.C. § 1782 and established that this Court should exercise its discretion to grant this application and enter an Order under 28 U.S.C. § 1782 authorizing HMD to serve Apple with the subpoena attached as Exhibit A to the Declaration of Matthew S. Warren. For all the foregoing reasons, the Court should grant HMD's application.

Date: February 3, 2025

Respectfully submitted,

_____
Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Madeline A. Woodall (State Bar No. 351664)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
2025-02-03@cases.warrenlex.com

*Attorneys for HMD Global Oy*