UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: EX PARTE APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. 25-mc-80022-EKL<br><br>**ORDER GRANTING EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

On February 3, 2025, HMD Global Oy ("HMD") filed an *ex parte* application ("Application") pursuant to 28 U.S.C. § 1782 for an order authorizing limited discovery from Apple Inc.("Apple") in connection with a pending legal action in Germany. Application, ECF No. 1 ("Appl."). For the reasons set forth below, the Application is GRANTED.

**I.   BACKGROUND**

The following facts are taken from the Application and supporting declarations. HMD is a Finnish company that develops, markets, and sells mobile devices worldwide. Appl. at 1. In 2022, Huawei Technologies Co., Ltd. ("Huawei") filed three legal actions against HMD in the Munich District Court of Munich, Germany, asserting patent infringement claims and seeking prohibitory injunctions and the recall of products (the "German actions"). *Id*. at 2. HMD prevailed in two of the actions, and Huawei's appeals in those actions are pending before the Munich Higher Regional Court; the third action remains pending before the Munich District Court. *Id*.

Under European law, a party asserting patent infringement claims must satisfy certain pre-filing obligations, including (1) alerting the alleged infringer of the infringement, and (2) if the alleged infringer seeks a licensing agreement, presenting a written offer for a license on terms that

1   are fair, reasonable, and non-discriminatory ("FRAND"). *Id*. at 1-2; *see also* Decl. of Andreas von
2   Falck ¶ 15, ECF NO. 1-1 ("von Falck Decl."). If the patent holder fails to make a FRAND offer
3   before filing suit, *i.e.*, by offering licensing terms that are less than favorable, European courts will
4   find that the patent holder breached the "ND" portion of FRAND, and rule that the patent holder
5   cannot lawfully bring an action for a prohibitory injunction or the recall of products. Appl. at 2
6   (citing pre-litigation requirements set forth in *Huawei Techs. Co. Ltd. v. ZTE Corp.*, No. C-170/13,
7   ECLI:EU:C:2015:477, ¶ 60 (June 16, 2015)).

8   In the German actions, HMD asserted FRAND defenses, arguing that the license terms
9   offered by Huawei were significantly less favorable than the terms it offered to HMD's
10  competitors, including Apple. *Id*. at 2-3. HMD contends that it sought production of Huawei's
11  license agreements, but Huawei avoided HMD's discovery efforts by utilizing a civil procedure
12  that allowed it to "cherry pick" and disclose certain license agreements with other companies that
13  are not HMD's true competitors in the "relevant product market." *Id*. at 3; von Falck Decl. ¶¶ 20-
14  24. HMD then sought an order requiring Huawei to produce its license agreements with
15  Qualcomm, a relevant competitor, but the German court denied the request. von Falck Decl.
16  ¶¶ 26-27. German procedural law does not provide any other discovery options, including
17  obtaining non-party discovery. *Id.* ¶ 28. Thus, HMD cannot obtain Huawei's license with Apple
18  in the German actions. Appl. at 4; von Falck Decl. ¶ 28.

19  HMD contends that the requested discovery, the license agreement between Huawei and
20  Apple, is relevant to HMD's defenses in the German actions. Specifically, HMD argues that it
21  will show that Huawei's recent patent license to Apple provided materially better terms than were
22  offered to HMD, thus barring Huawei's claims for injunctive relief or recall of products. Appl. at
23  1. HMD asserts that the German courts are likely to consider the agreements as evidence in both
24  the pending action and the actions on appeal. *Id*. at 4; von Falck Decl. ¶ 32.

25  HMD requests a subpoena demanding that Apple produce the following information:

26  All agreements between [Apple] and Huawei, including the 2015 agreement referred
    to on page 11 of the Huawei White Paper entitled "The Foundation of Innovation"
27  (2020),https://www-file.huawei.com/-/media/CORP2020/pdf/download/Huawei
    _IPR_White-paper_2020_en.pdf.
28

Decl. of Matthew S. Warren Ex. A, ECF No. 1-2 ("Subpoena"). HMD served Apple with the Application and proposed Subpoena. ECF No. 10. On February 19, 2025, Apple filed a response to the Application, stating that it "takes no position at this time on whether HMD's Application should be granted, but it reserves all rights in connection with any subsequent subpoena." Apple Resp. at 2, ECF No. 14 ("Resp."). Apple asks that the order granting the Application "recognize that Apple may move to quash or otherwise challenge the subpoena." *Id*. at 3.

## II.    LEGAL STANDARD

Section 1782 states, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). The purpose of § 1782 is "to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 247 (2004). Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought resides or is found in the district of the district court where the application is made; (2) the discovery is for use in a proceeding in a foreign or international tribunal; and (3) the application is made by a foreign or international tribunal or any interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)) (internal quotation marks omitted).

A district court has discretion to authorize discovery under § 1782, but "is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. In *Intel*, the Supreme Court set forth four factors courts must consider in determining whether and how to exercise their discretion: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of

3

a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id*. at 264-265. The district court's exercise of discretion is informed by § 1782's "'twin aims' of 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'" *Id*. at 252.

Courts commonly consider § 1782 applications on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014).

### III. DISCUSSION

HMD has met all three threshold statutory requirements. First, Apple's principal office is in Cupertino, California. Appl. at 1. Thus, Apple is "found" in the Northern District of California for purposes of § 1782. *Super Vitaminas, S.A.*, No. 17-mc-80125, 2017 WL 5571037, at *2 (noting that a business is "found" in the district where it is headquartered). Second, the discovery is intended for use in the German actions. Appl. at 3. Third, as the defendant in the German actions, HMD is an "interested person." *Intel*, 542 U.S. at 256-57.

The Court finds that all four discretionary considerations set forth in *Intel* favor granting the Application. First, Apple is not a participant in the German actions, so the discovery HMD seeks will be outside the German courts' jurisdiction. Appl. at 1. Second, HMD represents that there are no known restrictions imposed by or policies under German law limiting U.S. federal court judicial assistance for the purposes stated in the Application, and that German courts are receptive to assistance from district courts concerning discovery. *See* von Falck Decl. ¶ 32 (indicating that if HMD were to introduce the Apple agreements in the German actions, the courts "would take them into account and consider said agreements as evidence to decide on the FRAND defense."). Third, HMD represents that it is not attempting to circumvent any foreign proof-gathering restrictions or other policies of Germany or the United States; neither the Application nor the supporting materials suggest any evidence to the contrary. Appl. at 7; *see also In re Illumina Cambridge Ltd.*, No. 19-mc-80215-WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (finding that an order authorizing discovery under § 1782 for use in a foreign

4

proceeding "would not offend any court or violate any court order in Germany[.]"). Fourth, the discovery sought is not unduly burdensome because it is limited in scope to a specific set of agreements between Huawei and Apple as defined in the Subpoena. *See* Subpoena; *see also* Resp. at 2 ("Apple takes no position at this time on whether HMD's Application should be granted[.]"). Accordingly, the fourth factor is also satisfied.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS HMD's Application for leave to serve a subpoena on Apple. HMD shall serve a copy of this Order on Apple with the proposed Subpoena. This Order is without prejudice to any argument that may be raised in a motion to quash or other motion from Apple or Huawei.

**IT IS SO ORDERED.**

Dated: May 14, 2025

Eumi K. Lee
United States District Judge