JAMES R. SIGEL (State Bar No. 288478)
  jamessigel@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-4850

JOSEPH ELIE-MEYERS (State Bar No. 325183)
  josepheliemeyers@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800

Attorneys for Respondent
APPLE INC.

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. 25-mc-80022-EKL<br><br>**DECLARATION OF JAMES R. SIGEL IN SUPPORT OF APPLE INC.'S MOTION TO QUASH SUBPOENA ISSUED PURSUANT TO 28 U.S.C. § 1782** |

DECL. OF JAMES R. SIGEL ISO MOTION TO QUASH SUBPOENA
Case No. 25-mc-80022-EKL

I, James R. Sigel, declare and state as follows:

1. I am a partner at the law firm of Davis Wright Tremaine LLP, counsel for Apple Inc. ("Apple") in this matter. I am over 18 years of ages and am competent to testify truthfully to the facts asserted herein. The following information is based upon my personal knowledge or information and belief.

2. Attached to this declaration as **Exhibit 1** is a true and correct copy of the subpoena issued by HMD Global Oy (HMD) and received by Apple on May 15, 2025.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

EXECUTED this 29th day of May, 2025, at Seattle, Washington.

_____
James R. Sigel

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| HMD Global Oy | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:25-mc-80022 |
| | ) | |
| Ex Parte | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Apple Inc., c/o CT Corporation System, 330 North Brand Boulevard, Glendale, California, 91203

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A.

| Place: Warren Kash Warren LLP<br>2261 Market Street, No. 606<br>San Francisco, California, 94114 | Date and Time:<br>05/29/2025 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/15/2025

*CLERK OF COURT*

OR  /s/ *[signature]*

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **HMD Global Oy**, who issues or requests this subpoena, are:
Matthew S. Warren, Warren Kash Warren LLP, 2261 Market Street, No. 606, San Francisco, 94114; +1 (415) 895-2928; 25-80022@cases.warrenlex.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:25-mc-80022

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# EXHIBIT A

## DEFINITIONS

1. The term "concerning" means concerning, constituting, contradicting, comprising, commenting on, containing, describing, discussing, embodying, evidencing, identifying, involving, mentioning, pertaining to, referring to, reflecting, regarding, relating to, responding to, stating, supporting, tending to support or refute, relating or referring (directly or indirectly) to or in any way, in whole or in part.

2. The term "including" means including without limitation.

3. The term "entity" means any entity other than a natural person, including any business or legal entity including any company, corporation, proprietorship, association, joint venture or partnership.

4. The term "control" of an entity means direct or indirect ownership of that entity, or the direct or indirect right to exercise at least 50% of the voting power or ownership interest of that entity, or the direct or indirect right to make binding decisions for that entity.

5. The term "affiliates" of an entity shall mean any entity that the entity controls, or is controlled by, or is under common control with the entity.

6. The term "document" includes all documents and electronically stored information as defined in Rule 34 of the Federal Rules of Civil Procedure.

7. The term "communications" includes any transmission, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral or other means.

8. The singular includes the plural and vice versa.

9. The terms "or" and "and" shall be both conjunctive and disjunctive.

10. The words "any" and "each" shall include the word "all."

11. A verb in any tense shall mean the verb in all other tenses.

12. The terms "you" and "your" mean Apple Inc., including the officers, directors, principals, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing; as well as any subsidiaries, parents, affiliates, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other entities,

whether foreign or domestic, that are controlled, controlled by, or under common control with Apple Inc., and all predecessors and successors in interest to such entities.

13.     The term "Huawei" means Huawei Technologies Co., Ltd., its officers, directors, principals, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, as well as any subsidiaries, parents, affiliates, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other entities, whether foreign or domestic, that are controlled, controlled by, or under common control with Huawei Technologies Co., Ltd., and all predecessors and successors in interest to such entities.

## **INSTRUCTIONS**

1.     If you object to any portion of any request, respond to the unobjectionable portion and state specifically how you have narrowed your response.

2.     If you object to any request on the ground that it is vague or ambiguous, identify the particular words, terms or phrases that you believe make the request vague or ambiguous.

3.     If you object to any request because of a claim of privilege, set forth the privilege you claim, the facts on which you rely to support the claim of privilege, and furnish a list identifying each item of information for which privilege is claimed, containing at least the following information:

        (a)     all relevant dates including creation and transmission;

        (b)     all authors and senders;

        (c)     all recipients;

        (d)     the general subject matter; and

        (e)     any portions of the document over which you claim a privilege.

Identify all persons using name, title and associated entity.

4.     In the unlikely event that you find the meaning of any term to be unclear, assume a reasonable meaning, state what your assumed meaning is, and respond using that meaning.

5.     If any requests call for production of documents that were previously within your possession, custody, or control, but which are not anymore, identify those documents in a manner sufficient to describe them in a subpoena, and give the name, telephone number, address, and e-mail address of the person or entity last known by you to have possession, custody, or control of them.

## REQUEST FOR DOCUMENTS

**DOCUMENT REQUEST NO. 1:**

All agreements between you and Huawei, including the 2015 agreement referred to on page 11 of the Huawei White Paper entitled "The Foundation of Innovation" (2020), https://www-file.huawei.com/-/media/CORP2020/pdf/download/Huawei_IPR_White_paper_2020_en.pdf.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: EX PARTE APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. 25-mc-80022-EKL<br><br>**ORDER GRANTING EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

On February 3, 2025, HMD Global Oy ("HMD") filed an *ex parte* application ("Application") pursuant to 28 U.S.C. § 1782 for an order authorizing limited discovery from Apple Inc.("Apple") in connection with a pending legal action in Germany. Application, ECF No. 1 ("Appl."). For the reasons set forth below, the Application is GRANTED.

I.  **BACKGROUND**

The following facts are taken from the Application and supporting declarations. HMD is a Finnish company that develops, markets, and sells mobile devices worldwide. Appl. at 1. In 2022, Huawei Technologies Co., Ltd. ("Huawei") filed three legal actions against HMD in the Munich District Court of Munich, Germany, asserting patent infringement claims and seeking prohibitory injunctions and the recall of products (the "German actions"). *Id.* at 2. HMD prevailed in two of the actions, and Huawei's appeals in those actions are pending before the Munich Higher Regional Court; the third action remains pending before the Munich District Court. *Id.*

Under European law, a party asserting patent infringement claims must satisfy certain pre-filing obligations, including (1) alerting the alleged infringer of the infringement, and (2) if the alleged infringer seeks a licensing agreement, presenting a written offer for a license on terms that

1  are fair, reasonable, and non-discriminatory ("FRAND"). *Id.* at 1-2; *see also* Decl. of Andreas von
2  Falck ¶ 15, ECF NO. 1-1 ("von Falck Decl."). If the patent holder fails to make a FRAND offer
3  before filing suit, *i.e.*, by offering licensing terms that are less than favorable, European courts will
4  find that the patent holder breached the "ND" portion of FRAND, and rule that the patent holder
5  cannot lawfully bring an action for a prohibitory injunction or the recall of products. Appl. at 2
6  (citing pre-litigation requirements set forth in *Huawei Techs. Co. Ltd. v. ZTE Corp.*, No. C-170/13,
7  ECLI:EU:C:2015:477, ¶ 60 (June 16, 2015)).

        In the German actions, HMD asserted FRAND defenses, arguing that the license terms offered by Huawei were significantly less favorable than the terms it offered to HMD's competitors, including Apple. *Id.* at 2-3. HMD contends that it sought production of Huawei's license agreements, but Huawei avoided HMD's discovery efforts by utilizing a civil procedure that allowed it to "cherry pick" and disclose certain license agreements with other companies that are not HMD's true competitors in the "relevant product market." *Id.* at 3; von Falck Decl. ¶¶ 20-24. HMD then sought an order requiring Huawei to produce its license agreements with Qualcomm, a relevant competitor, but the German court denied the request. von Falck Decl. ¶¶ 26-27. German procedural law does not provide any other discovery options, including obtaining non-party discovery. *Id.* ¶ 28. Thus, HMD cannot obtain Huawei's license with Apple in the German actions. Appl. at 4; von Falck Decl. ¶ 28.

        HMD contends that the requested discovery, the license agreement between Huawei and Apple, is relevant to HMD's defenses in the German actions. Specifically, HMD argues that it will show that Huawei's recent patent license to Apple provided materially better terms than were offered to HMD, thus barring Huawei's claims for injunctive relief or recall of products. Appl. at 1. HMD asserts that the German courts are likely to consider the agreements as evidence in both the pending action and the actions on appeal. *Id.* at 4; von Falck Decl. ¶ 32.

        HMD requests a subpoena demanding that Apple produce the following information:

> All agreements between [Apple] and Huawei, including the 2015 agreement referred to on page 11 of the Huawei White Paper entitled "The Foundation of Innovation" (2020),https://www-file.huawei.com/-/media/CORP2020/pdf/download/Huawei_IPR_White-paper_2020_en.pdf.

Decl. of Matthew S. Warren Ex. A, ECF No. 1-2 ("Subpoena"). HMD served Apple with the Application and proposed Subpoena. ECF No. 10. On February 19, 2025, Apple filed a response to the Application, stating that it "takes no position at this time on whether HMD's Application should be granted, but it reserves all rights in connection with any subsequent subpoena." Apple Resp. at 2, ECF No. 14 ("Resp."). Apple asks that the order granting the Application "recognize that Apple may move to quash or otherwise challenge the subpoena." *Id.* at 3.

## II. LEGAL STANDARD

Section 1782 states, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). The purpose of § 1782 is "to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought resides or is found in the district of the district court where the application is made; (2) the discovery is for use in a proceeding in a foreign or international tribunal; and (3) the application is made by a foreign or international tribunal or any interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)) (internal quotation marks omitted).

A district court has discretion to authorize discovery under § 1782, but "is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. In *Intel*, the Supreme Court set forth four factors courts must consider in determining whether and how to exercise their discretion: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of

3

a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-265. The district court's exercise of discretion is informed by § 1782's "'twin aims' of 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'" *Id.* at 252.

Courts commonly consider § 1782 applications on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014).

### III. DISCUSSION

HMD has met all three threshold statutory requirements. First, Apple's principal office is in Cupertino, California. Appl. at 1. Thus, Apple is "found" in the Northern District of California for purposes of § 1782. *Super Vitaminas, S.A.*, No. 17-mc-80125, 2017 WL 5571037, at *2 (noting that a business is "found" in the district where it is headquartered). Second, the discovery is intended for use in the German actions. Appl. at 3. Third, as the defendant in the German actions, HMD is an "interested person." *Intel*, 542 U.S. at 256-57.

The Court finds that all four discretionary considerations set forth in *Intel* favor granting the Application. First, Apple is not a participant in the German actions, so the discovery HMD seeks will be outside the German courts' jurisdiction. Appl. at 1. Second, HMD represents that there are no known restrictions imposed by or policies under German law limiting U.S. federal court judicial assistance for the purposes stated in the Application, and that German courts are receptive to assistance from district courts concerning discovery. *See* von Falck Decl. ¶ 32 (indicating that if HMD were to introduce the Apple agreements in the German actions, the courts "would take them into account and consider said agreements as evidence to decide on the FRAND defense."). Third, HMD represents that it is not attempting to circumvent any foreign proof-gathering restrictions or other policies of Germany or the United States; neither the Application nor the supporting materials suggest any evidence to the contrary. Appl. at 7; *see also In re Illumina Cambridge Ltd.*, No. 19-mc-80215-WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (finding that an order authorizing discovery under § 1782 for use in a foreign

proceeding "would not offend any court or violate any court order in Germany[.]"). Fourth, the discovery sought is not unduly burdensome because it is limited in scope to a specific set of agreements between Huawei and Apple as defined in the Subpoena. *See* Subpoena; *see also* Resp. at 2 ("Apple takes no position at this time on whether HMD's Application should be granted[.]"). Accordingly, the fourth factor is also satisfied.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS HMD's Application for leave to serve a subpoena on Apple. HMD shall serve a copy of this Order on Apple with the proposed Subpoena. This Order is without prejudice to any argument that may be raised in a motion to quash or other motion from Apple or Huawei.

**IT IS SO ORDERED.**

Dated: May 14, 2025

Eumi K. Lee
United States District Judge