JAMES R. SIGEL (State Bar No. 288478)
  jamessigel@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-4850

JOSEPH ELIE-MEYERS (State Bar No. 325183)
  josepheliemeyers@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800

Attorneys for Respondent
APPLE INC.

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. 25-mc-80022-EKL<br><br>**DECLARATION OF WOLRAD PRINZ ZU WALDECK UND PYRMONT IN SUPPORT OF APPLE INC.'S MOTION TO QUASH SUBPOENA ISSUED PURSUANT TO 28 U.S.C. § 1782** |

1. I, Wolrad Prinz zu Waldeck und Pyrmont declare under penalty of perjury under the laws of the United States as follows:

1. I am an attorney admitted to practice in Germany and a partner in the Dusseldorf office of the law firm Freshfields PartG mbB.

2. I studied law at the Universities of Heidelberg and Munich and completed my Referendariat (legal clerkship) in the circuit of the Munich Higher Regional Court. I have been admitted as an Rechtsanwalt (attorney at law) to practice before the German courts since 2003.

3. Before joining Freshfields, I worked at the Max Planck Institute for Intellectual Property, Competition and Tax Law in Munich (www.ip.mpg.de) and the Munich Intellectual Property Law Center ("MIPLC") (www.miplc.de) for more than seven years. I had continued to be a faculty member at the MIPLC, where I taught European Patent Law until 2023. I have frequently given presentations and have authored more than 50 publications on intellectual property law topics, including, in particular, on patent law.

4. In 2007, I completed LL.M. studies at the George Washington University Law School, Washington D.C., graduating with a major in Intellectual Property Law (With Highest Honors). Parallel to my LL.M. studies, I worked as a visiting scholar/judicial intern for The Honorable Randall R. Rader at the U.S. Court of Appeals for the Federal Circuit.

5. I have reviewed the discovery that HMD seeks through the Section 1782 Application.

6. I submit this Declaration in support of Apple Inc.'s motion to quash HMD's subpoena. I make this declaration based on my own personal knowledge and based on documents that I have reviewed, in particular HMD application under 28 U.S.C. § 1782 (hereinafter: "*HMD § 1782 application*") and the supporting declaration of Andreas v. Falck (hereinafter "*von Falck declaration*"). If called as a witness, I could and would competently testify to all facts within my personal knowledge.

### I. PROCEEDINGS IN GERMANY

7. To my understanding, HMD seeks discovery compelling Apple Inc. to produce documents evidencing any license agreement between Apple Inc. and Huawei concerning patents owned by Huawei. HMD contends that such agreements are necessary for its litigation against Huawei in

Germany, specifically in three German patent infringement proceedings initiated by Huawei against HMD before the Munich District Court.

8. In each of these case, HMD has requested disclosure of Huawei's license agreements, including the Qualcomm-Huawei agreement and the Huawei-Apple agreements sought through HMD's § 1728 Application.

**Proceedings before the Munich District Court I**

9. HMD prevailed in two of the lawsuits (Matters 1 and 3 as defined in the von Falk declaration), as the Munich District Court dismissed Huawei's claims for lack of infringement. Both cases have been appealed and are now pending before the Munich Appellate Court under docket numbers 6 U 3537/24 and 6 U 3511/24.

10. I understand that the Munich District Court did not decide on HMD's application for production of the licence agreements, but it also did not reject HMD's requests thus far. As the Munich District Court dismissed the proceedings based on non-infringement, the FRAND defense and the question of whether Huawei made a FRAND offer or not was not decisive and thus the court did not rule on this question. This approach is consistent with its established practice set forth in the Munich District Court's Guidelines *"Notes on the Munich procedure in patent litigation – Update 2022 (as of: March 2022)"*, enclosed as Exhibit 1 (hereinafter: *Guidelines in Patent Proceedings*).

11. Under the section "*Orders of submission against the opposing party or third parties*" in the Guidelines in Patent Proceedings, the court sets forth its approach of regularly only deciding on requests of production of evidence filed against opposing party or third parties after the oral hearing:

> *"If the party liable for submission is not voluntarily prepared to submit the documents or copies thereof, or if service in Germany is not possible, the chambers will only issue a "contentious" order of submission or service abroad after the necessity and proportionality in the narrower sense have been affirmed. This will generally not be the case before the "second hearing" is held. In the case of joint litigation, the individual legal relationships must be considered individually. It cannot be inferred from an "undisputed" order for reference that the submission or presentation is*

*necessary from the perspective of the chamber."* (Guidelines in Patent Proceedings, Exhibit 1, page 11).

12. The background is that any order of production of evidence issued against third parties impinges on this party's rights, which the Munich District Court intends to do only if it becomes necessary to decide the case (which is not the case if the proceedings are, for example, dismissed for non-infringement (as in Matters 1 and 3) or stayed based on an assessment of lack of validity). This is in line with the regular approach of German civil courts (including patent infringement courts) which order the production of evidence by hearing witnesses only after the oral hearing has taken place when this is necessary to resolve the case (see e.g., Munich Commentary on the German Code of Civil Procedure (MüKoZPO)/*Prütting*, § 284 ZPO, mn. 85, 95 ff.). In contrast, it is the Munich District Court's regular practice to grant production request a party make against itself, such as referred to at para. 24 of the von Falck Declaration, and as set forth in the Guidelines in Patent Proceedings, (see Exhibit 1, page 10 f. under heading "*Orders of submission against oneself*").

13. In the third proceeding (Matter 2), pending before the Munich District Court under docket number 21 O 13092/22, the court has likewise not ruled on HMD's production requests. I understand that a decision in that matter is scheduled for June 27, 2025. This decision could be a substantive decision such as a dismissal or a finding of infringement, or a procedural decision such as an order to take evidence, a reopening of the hearing, or a stay of proceedings. If the Munich District Court comes to the conclusion that the question of whether HMD can and has properly raised the FRAND defense, and whether Huawei made a FRAND offer, is decisive, the court—in accordance with its own guidelines—would have to decide on the production requests filed by HMD.

***Proceedings before the Munich Court of Appeal***

14. I understand that HMD has maintained its requests for production of Huawei's license agreements—including the Apple-Huawei license agreements—in the two appeal proceedings before the Munich Court of Appeal, where oral hearings will likely take place at the end of the year.

15. To my knowledge, there has only been one case involving standard essential patents where the Munich Court of Appeal has decided on the FRAND defense in main proceedings (HMD v. VoiceAge, docket no. 6 U 3824/22 Kart, judgement of 20 March 2025). However, in an earlier decision

on a request for a stay of enforcement, the Munich Court of Appeal has commented on the relevance of comparable licence agreements and whether a court can only rely on a selection of license agreements provided by the patentee to determine whether the offer is FRAND. (Munich Court of Appeal, decision of 29 October 2020, docket no. 6 U 5784/20 Kart., p. 28). Under the reasoning of that decision, when having to determine whether the patentee has made a FRAND offer, it could be expected that the Munich Court of Appeal would not limit its assessment to selected licence agreement produced by the patent owner, but would instead decide on the production request filed by HMD.

## II.     CONFIDENTIALITY PROTECTION UNDER GERMAN LAW

16. While statutory law provides certain safeguards, the confidentiality of documents when introduced into German proceedings can only be protected to a limited extent.

17. In German patent infringement proceedings, any information introduced must be accessible to at least one representative of each party, including third-party interveners. German procedural law does not allow for sealing orders or "Attorney's Eyes Only" (AEO) classifications, and German courts cannot issue orders granting AEO classifications.

18. The measures German law provides to protect confidential information in patent infringement proceedings are limited. Since a German court would not be bound by a protective order issued by a U.S. court, even while persuasive, the classification of a trade secret as confidential information requiring protection must be proactively requested by the parties or at least one party according to Sec. 16(1) Trade Secrets Protection Act (GeschGehG). Information classified as confidential by the German court may not be used or disclosed outside a court procedure according to Sec. 16(2) of the Trade Secrets Protection Act (GeschGehG).

19. Additionally, a party may request to limit the circle of persons on the part of the parties who have access to the information. However, according to Sec. 19(1) No. 1 Trade Secrets Protection Act (GeschGehG), access to information on the side of the parties cannot be limited to less than one reliable natural person in addition to the party's counsel of record. Thus, parties, including third party interveners, cannot be excluded entirely from access to the information. The German court will order such a limitation of access balancing all relevant considerations, including not only the need to protect the confidentiality, but also the right of the parties to be heard and to a fair trial. Therefore, access is

1  usually granted to more than just one individual of the party concerned unless the other parties agrees to the limitation to one person.

20. In oral hearings in German patent proceedings, which are generally public, the parties can request the exclusion of the public from those parts of the hearing in which confidential information is discussed, and, in parallel, can also request confidentiality protections in the announcement of the grounds for the judgment according to Sec. 145a of the German Patent Act (PatG) in combination with Sec. 19(1) of the Trade Secrets Protection Act (GeschGehG) as well as Sec. 172 and Sec. 173 of the German Courts Constitution (GVG). The representatives of the parties, including third party interveners, can only be excluded from the part of the hearing where the confidential information is discussed if the circle of persons on the part of the parties who have access to the information has been limited and they are not among the named individuals.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29 May 2025, at Cologne, Germany.

*[signature]*

Wolrad Prinz zu Waldeck und Pyrmont

# EXHIBIT 1

**Notes on the Munich procedure in patent litigation - Update 2022**
**(as of: March 2022)**

The core elements of the Munich procedure in patent litigation, which has been practised by the patent litigation chambers of the Regional Court of Munich I since the end of 2009 and was evaluated by the Max-Planck-Institute for Innovation and Competition in 2019 to 2020, are the holding of two hearings on the merits ("first hearing" and "second hearing") and a strict deadline regime. The aim is to provide fast and effective legal protection in a fair and transparent procedure for both sides. The aim is to hold the "first hearing" 3 to 6 months after service of the action and to reach a first-instance decision on the merits within 9 to 12 months after service of the action and - if possible - in the knowledge of a preliminary reference from the Federal Patent Court pursuant to Section 83 para. 1 sentence 1 German Patent Act. This update takes into account the results of the evaluation, feedback from the parties to the proceedings and current developments. The following statements apply mutatis mutandis to <u>utility model disputes</u>, unless mandatory statutory provisions require a different approach. Proceedings concerning <u>standard-essential patents (SEPs)</u> and so-called <u>vindication proceedings</u> are conducted individually for reasons of procedural economy and therefore partly deviate from the Munich procedure. For these, only the general part of these instructions applies directly. The chambers reserve the right to issue their own instructions for SEP procedures.

**Special part: Key points of the Munich proceedings**

**Conciliation hearing and "first hearing"**

As a rule, a summons to the "first hearing" is issued when the complaint is served. The "first hearing" may be preceded by a conciliation hearing. The "first hearing" is usually held as a public hearing in person or by video conference (Section 128a German Code of Civil Procedure). In suitable exceptional cases, it can be replaced by a non-public preliminary video meeting (discussion meeting) at the request of the parties and in consultation with the chamber. At the "first hearing", the interpretation of the Patent in Suit and the patent infringement are discussed. Questions of legal validity and suspension are reserved for the "second hearing". The "first hearing" is prepared solely by the statement of grounds and the Statement of Defence (cf. "Statement of Defence", below). In these written statements, the person skilled in the art referred to must be defined and statements must be made <u>by both</u> parties (i.e. for the plaintiff already in the complaint) (also) on the interpretation of the Patent in Suit. For the "first hearing", the chamber regularly requires at least one month of preparation time. It is therefore essential that the Statement of Defence is available at this time. As a rule, the value in dispute is definitively determined at the "first hearing". Further (non-extended) written statements on the matter are not welcome (cf. below "Deadline regime and requests for extensions" and "Written statements outside the deadline regime"). The submission of a further preparatory written statement by the plaintiff, particularly shortly before the hearing (cf. Section 132 para. 1 German Code of Civil Procedure), can be interpreted by the court as an implied desistance from the Munich procedure with its two hearings and strict deadline regime, so that the "first hearing" is cancelled.

**Exceptional cases**

If it is not possible or impractical to set a prompt "first hearing", a written preliminary procedure is ordered, which is cancelled after a Statement of Defence is received. Subsequently,

depending on the circumstances, a summons is issued for a "first hearing" or immediately for the only hearing. It may be impossible to set a prompt "first hearing" in times of a pandemic or if the chamber is overloaded. It may also be unfeasible if the complaint is to be served abroad or if the chamber is already familiar with the patent and the attacked embodiment. The party to the complaint is requested to address such exceptional cases at the beginning of the complaint.

**Further process planning**

At the end of the "first hearing", the further course of the proceedings is discussed with the parties. A "second hearing" is regularly held after the "first hearing". The date for the "second hearing" and the deadlines for further submissions are set by the court in consultation with the parties. As a rule, each side is only given one opportunity to submit further written statements. The deadlines for written submissions are regularly set at around two months in each case. The chambers also regularly require at least one month's preparation time before the "second hearing". Written statements that have not been agreed are undesirable (cf. "Deadline regime and requests for extension of deadlines" below). An exception to the principle that two hearings must be held on the merits of the case exists in particular if no written statement justifying the request for a stay has been submitted in due time (cf. "Request for a stay" below) or if both parties waive the holding of a second hearing or if the Munich procedure has been dispensed with (cf. "Concellation hearing and first hearing" and "Exceptional case" above). In these cases, only one scheduled hearing will take place.

**"Second hearing" and drafting of the application**

At the "second hearing", all issues relevant to the decision will be conclusively discussed with the parties and their representatives - if still necessary. At the latest then, requests should be submitted that meet the requirements of high court case law (cf. "Drafting of requests" below).

### General section: A-Z

**Formulation of the requests**

At the latest on the last scheduled date of the hearing, requests should be submitted - without being requested to do so - that fulfil the requirements of high court case law regarding the specificity of the request (FCJ GRUR 2005, 569 - Blasfolienherstellung and FCJ GRUR 2012, 485 - Rohrreinigungsdüse II) and the requirements for a contingent claim (FCJ - GRUR 2011, 521 - TON/ I and FCJ GRUR 2011, 1043 - TUV II). This means that the party bringing the action must adapt the requests as quickly as possible to the parties' discussion about the realisation of individual claim characteristics and must determine the order of the court proceedings. As a rule, the chambers will regard "in particular" requests as alternative claims.

**Structure and scope of written statements**

In order to maintain the efficiency of the patent infringement divisions, it is requested that attention be paid to the scope of the written statements and Exhibits to be submitted so that the proceedings remain manageable while maintaining technical reasonableness and can be processed and brought to a decision within the existing (scarce) judicial capacities. Individual written statements should therefore not exceed 25 pages. Letterhead, rubric, requests, claim analyses and inserted graphics

are not counted. All requests and suggestions should be introduced at the beginning of the written statement and highlighted there in a clearly recognisable manner. It is requested that the written statements be labelled with margin notes and that subsequent written statements do not repeat the submission already made but refer to it using the margin notes. If the compulsory licence objection under antitrust law is discussed, two written statements (technical and non-technical statements) of 25 pages each are permissible.

**International service**

Service abroad is carried out on the basis of the EU Regulation (EC Regulation 1393/2007) or on the basis of bilateral or multilateral agreements (e.g. the Hague Service Convention (HZÜ) of 15 November 1965) or in the so-called "non-contractual mutual legal assistance". Anyone can access the currently valid provisions for almost every country in the world at www.ir-online.nrw.de under "International Legal Assistance Online". Even with speedy processing by foreign authorities and postal companies, the internal processes at domestic and foreign courts and authorities alone mean that proof of service can only be expected approximately 3 months after the first court order. The time required for extensive translations may also need to be added. If foreign and domestic Defendants are to be sued together, it is therefore recommended, if possible, to file two separate complaints with a clear reference to the factual connection. If, where permissible, service without translations is desired or the necessary translations are to be made independently, this should be indicated in a prominent place in the complaint. Furthermore, the target language and the scope of the translation of Exhibits should be indicated. If the necessary translations are to be arranged by the court, the declaration of personal liability for costs by the legal representative can speed up the process.

**Suspension request**

Insofar as the Defendant requests the suspension of the legal dispute until the validity of the patent has been clarified, it should already present the arguments in favour of this in the Statement of Defence independently, i.e. – as usual - without reference to the written statements and rebuttals from the legal validity proceedings to be submitted as Exhibits, and in a comprehensible manner in writing, whereby the submission should be preceded by a maximum of three arguments (e.g. inadmissible extension; lack of novelty due to D1; lack of inventive step due to D1+D2) and should be emphasized separately, which, from the Defendant's point of view, promise the most success according to an interpretation of the Patent in Suit leading to an affirmative answer to the infringement question. For this purpose, disclosure passages in the original or in German translation as well as photos or drawings should be included in the Statement of Defence if reference is made to them. If the Statement of Defence does not contain a request for suspension or does not contain a request for suspension in this form, a "second hearing" may only be held if the plaintiff expressly requests this, and the Chamber deems it necessary. If, in the course of the discussion on the request for a stay, arguments are only presented later than provided for by the time limit regime, this delay can be taken into account to the detriment of the party responsible for the delay in the context of the stay decision. To the extent that the adjudicating chamber has established the existence of a sufficient probability of the destruction or substantial limitation of the Patent in Suit,

**beA - Submissions via the special electronic mailbox for lawyers**

The Regional Court of Munich I can accept submissions via the special electronic lawyers' mailbox (beA). In the course of 2022, there will be a complete switch to the electronic file for new incoming proceedings. For proceedings received before the switchover date, the paper file will still be continued in the future. For this purpose, beA receipts are printed out and submitted to the judge in charge (as before) together with the paper file. This can take several working days. It is not always possible to ensure that the competent chamber takes note of beA submissions before the paper file is submitted. Very extensive Exhibits (several hundred pages) are not printed out by the court administration and are therefore not available in the paper file, but only electronically.

**Data carrier**

As a Rule, the Regional Court of Munich I only accepts data on CD-ROM or DVD. When lodging a complaint, it must be taken into account that data carriers are first checked for viruses by the court administration before they are handed over to the competent chamber. This usually takes up to five working days.

**Person skilled in the art**

The person skilled in the art addressed by the Patent in Suit should be defined in the complaint by the party bringing the action. The Defendant should comment on this in the Statement of Defence.

**Deadline regime and deadline extension requests**

In order to maintain the efficiency of the patent infringement divisions, it is important that the parties submit written statements of law, factual submissions, requests for submission and means of attack and defence to the division as early as possible <u>and</u> within the deadline. Submissions, amendments, pleas in law and defences or other written statements on the case outside the time limit are not welcome and should be submitted. Written statements received outside the time limit will be marked "received outside the time limit" and filed. It is also important that deadlines set are adhered to and that requests to extend deadlines are refrained from. This does not apply if it is the first time that the deadline for filing a defence has been extended. The deadlines are to be understood as such pursuant to Section 296 para. 1 German Code of Civil Procedure in conjunction with Section 273 para. 2 no. 1, no. 5, Section 275 para. 1 sentence 1, para. 3 and 4, Section 276 para. 1 sentence 2, para. 3, Section 277 German Code of Civil Procedure. It must be expected that means of attack and defence that are only submitted after the deadline has expired or within the deadline, but not as early as possible in an earlier written statement in accordance with the deadline regime, but only in a later written statement, will not be admitted. Any excuses must be presented and made credible without being requested to do so (Section 296 para. 4 German Code of Civil Procedure). This means that the parties are required to submit or make submissions and requests in the earliest possible written statement in accordance with the deadline regime, for the Defendant usually in the Statement of Defence. In extreme exceptional cases, which must be carefully substantiated in the written statement and made credible without being requested to do so, a one-off extension of a judicial deadline by a few days, up to a maximum of one week, may be granted in individual cases. The opponent is in

(corresponding) application of Section 225 para. 2 German Code of Civil Procedure always to be heard beforehand, even if it is the first extension. The opponent's statement must be obtained independently by the applicant before the request is filed and submitted with the request in a written statement. The accuracy of the opponent's statement must be confirmed by a lawyer. Such an extension does not mean that a subsequent deadline of the opposing party must also be extended accordingly. This applies even if the opposing party has agreed to the extension of the deadline. It is requested that telephone enquiries regarding extensions of deadlines be limited to the absolute minimum necessary. These interfere to a considerable extent with the processing of other, equally important patent litigation matters.

**Requests for confidentiality**

Due to the entry into force of Section 145a of the German Patent Act, the Rules of Sections 16 to 20 of the German Trade Secret Protection Act of 18 April 2019 ("TSPA", BGBl. I p. 466) are to be applied accordingly in patent litigation. A corresponding referral norm applies to utility models, semiconductors and protection certificates. If a party is unable to make submissions or submit documents without taking measures to protect the confidential information contained therein, it should a request for classification as confidential pursuant to Section 16 para. 1 TSPA and, if necessary, for an order for further restrictions pursuant to Section 19 para. 1 TSPA <u>before or at the same time as</u> its submissions. To facilitate further handling, the application should be submitted as follows:

1. In the written statement or Exhibit, the confidential information should - as far as possible - be graphically highlighted (preferably with a grey background). In addition, it should be immediately and clearly recognisable from the graphic design at least on the first page of the written statement or Exhibit that the document contains "confidential content". Likewise, in the case of submissions via the attorney's special mailbox (beA), those files that contain confidential information should be labelled separately.

2. When the application is filed, an operative part for the court decision should be proposed. In this, each item of information to be kept secret should be named individually (with a keyword) in tabular form and listed in a clearly identifiable manner by written statement/page/mn. or annex number/page/line. Care should be taken to ensure that this information can be easily incorporated into the court document by "copy&paste". Therefore, the information should not be included in a specific format. It is advisable to formulate the proposed operative part without mentioning the secret itself. In addition, grounds should be given as to why the requirements for the requested measures are met in the respective case and to what extent and for how long the individual information is to be kept secret from which persons.

3. Insofar as the secret protected by a decision granting protection is raised again in a subsequent written statement, it should be marked there again (preferably greyed out). On the first page of the written statement, the graphic design should make direct and clear reference to the protection afforded by the favourable decision. As a rule, there is then no need to apply for a new decision.

4. In the case of requests pursuant to Section 19 para. 1 sentence 1 TSPA, in order to avoid delays, it is proposed that the party concerned must submit with the request the previously independently obtained

    statement of the opposing party regarding the reliable persons (at least one main contact person of the party pursuant to Section 19 para. 1 sentence 3 TSPA) and, if the need for confidentiality or reliability is in dispute, the information submitted for the justification of the request must be made credible. The party concerned is free to nominate further reliable persons following the decision.

5. As a rule, a limitation by name is only required for the opposing party and not also for their attorneys at law, patent attorneys and auxiliary persons (in local proceedings or in domestic or foreign proceedings). A judicial restriction of access to one's own secrets is never appropriate.

6. At the latest after the decision granting the application has been issued, documents with identical content or Exhibits with identical content should be submitted unsolicited, in which the information to be kept secret in accordance with the decision has been redacted (cf. section 20 para. 4 sentence 2 TSPA). These documents should be graphically highlighted on the first page as "blacked-out version of ...".

7. Insofar as the requesting party has refrained from serving the written statement directly from the lawyer as requested (cf. service from lawyer to lawyer) due to the request for confidentiality, there is no automatic extension of the deadline for the written statement.

8. Insofar as the requesting party has immediately forwarded the written statement containing the secrets from lawyer to lawyer and thus to the opposing lawyer's representative before the confidentiality order requested is issued, this does not prevent the protective measures requested from being issued. The recipient is obliged to act in accordance with the request until the court decision is issued. Insofar as he considers himself able to do so, he must inform the sender and the court without delay and return and/or delete the documents released to the sender.

9. It is suggested that the legal representatives agree bilaterally on an appropriate procedure at an early stage and also exchange lists with the names of trustworthy persons of the respective party (at least one main contact person per party) for any requests pursuant to Section 19 para. 1 sentence 1 TSPA at an early stage.

**Business distribution - several complaints from the same patent**

According to Section 11.9 of the current schedule of the Regional Court of Munich I, a chamber that has dealt with a particular technical property right for the first time remains competent for further complaints arising from the same technical property right, even if they are directed against other parties. To facilitate assignment to the correct chamber, the party filing the complaint is therefore requested to clearly indicate on the first page of the complaint any previous referral to one of the chambers of the property right or a parallel property right claiming the same priority. The same procedure must be followed if several complaints are filed at the same time for the same property right. In this case, the fact of simultaneous filing must be clearly indicated. The filing of several individual complaints is to be favoured over an accumulation of complaints. This is because it eliminates the need for time-consuming

separation.

**Conciliation proceedings in patent litigation**

In patent litigation, the Regional Court of Munich I offers the possibility of mediation under the direction of a trained mediator (cf. lattps://www.justiz.b_ayern.de/gerichte-und-behoerden/landgericht/muenchen-1/gueterichterver-fahren.php),

who, as a rule, is or was a member of another patent litigation chamber. The assignment is made by agreement of the parties (e.g. during the "first hearing"). The mediator regularly schedules a hearing within one to two months. In conciliation proceedings, it is possible to agree a comprehensive settlement of all outstanding issues between the parties - regardless of whether these are already legally binding - or interim arrangements for the period up to the disputed conclusion of the proceedings. Furthermore, it is possible for third parties who are not involved in the contentious proceedings to join the conciliation proceedings at the request of the parties.

**Statement of Defence / late requests**

The Defendant should submit all defences that are to be raised against the complaint in the statement of Defence. This applies in particular to the application for suspension (see above), the compulsory licence objection under antitrust law and the objection of the disproportionality of an injunctive relief pursuant to Section 139 para. 1 sentence 3 German Patent Act. All objections relating to the admissibility of the complaint and which the Defendant may waive must be raised at the "first hearing" at the latest.

**Amendments to the action / request of determination of reasonable compensation pursuant to Section 139 para. 1 sentence 4 German Patent Act**

The plaintiff should bear in mind that amendments to the action, the replacement or extension of the infringement allegation and the transition from an allegation of literal to an allegation of equivalent patent infringement can only be dealt with in this tight deadline regime while maintaining appropriate defence options for the Defendant if they can be announced at the latest at the "first hearing" and thus taken into account in the further planning of the proceedings. Similarly, a(n) (alternative) request for the determination of reasonable compensation pursuant to Section 139 para. 1 sentence 4 German Patent Act must be announced at the latest at the "first hearing".

**Extensions of statement of complaint**

For organisational reasons, it is requested that, wherever possible, no extensions of complaint be made, but that separate new complaints be filed, namely a separate new complaint for each technical property right and each Defendant. This avoids additional file circulation and facilitates the work of the offices. If it is not possible to proceed with new complaints, it is requested that the written statement extending the complaint be drafted in such a way that it can be easily separated. Therefore, the written statement of the extension of complaint should only contain the extension of complaint and nothing else. In the case of several technical property rights that are asserted as an extension of the action or in the case of several new Defendants, separate written statements should be submitted in each case. An extension of complaint shortly before a hearing (less than one month) is not advisable due to the associated administrative effort, which is at the expense of the chamber's preparation time, and the associated absence of the paper file, and should therefore

be avoided if possible.

**Process cost security**

The amount of any security to be provided for legal costs is calculated on the basis of the costs that are likely to be incurred for any appeal against denial of leave to appeal to the Federal Court of Justice (FCJ NJW 2001, 3630; Higher Regional Court Munich, judgement of 20 March 2014 - 6 U 187/13).

**Written statements outside the deadline regime**

It is not welcome for the parties to submit written statements on the matter outside the deadline regime. Such written statements will be labelled "received outside the deadline" and filed. The chambers reserve the right to deviate from the procedure illustrated here in response to the submission of such written statements.

**Value in dispute**

A party who wishes to object to the (preliminarily) determined value in dispute as being too high or too low may state a specific other amount and calculate it.

**Translations**

The parties are requested to include relevant passages from foreign-language sources in the written statement in the original and in German translation. The Chambers reserve the right to request complete translations of these sources in individual cases.

**Video conference**

The Regional Court of Munich I has various options for conducting a video hearing. Requests should be made as early as possible, and all parties should indicate which persons will participate by video and which will participate in the courtroom. (Private) interpreters can be involved in such a video conference. The implementation of 100% video conferences (all parties to the proceedings participate via video conference, only the members of the court and members of the public are present in the courtroom) is Rule preferred.

**Security of enforcement**

Unless otherwise substantiated by the parties, the calculation of any security for enforcement will be based on the value in dispute. It is advisable for the plaintiff to propose partial values in dispute and partial securities in the statement of claim. If the Defendant requests the setting of higher enforcement securities in deviation from this, it should submit these in the Statement of Defence.

**Orders of submission against oneself**

If a party asserts, e.g. in the context of the intended submission of licence agreements already concluded, that it cannot submit these or copies thereof or make submissions on their content without a court decision due to confidentiality agreements contained in these earlier agreements available to it, it must point this out as soon as possible and request a decision pursuant to Section 142 German Code of Civil Procedure. As a rule, the patent litigation chambers will follow the timely suggestion and order the "undisputed" submission to the requesting party and at the same time - if requested - issue a corresponding decision pursuant to Section 16 para. 1 TSPA and, if applicable, pursuant to Section 19 para. 1 TSPA (see above). In the case of joint litigation, the individual procedural legal relationships

- Page 11 -

must be considered individually. It cannot be inferred from such an "uncontested" order for reference that the submission or presentation is necessary from the perspective of the ordering chamber.

**Orders of submission against the opposing party or third parties**

A distinction must be made if the document to be submitted or the copies thereof are not in the possession of the requesting party. If the applicant can credibly demonstrate that the opponent or the third party is "voluntarily" prepared to submit the document or the copies thereof following a corresponding decision, the patent litigation chambers will as a rule follow the timely suggestion and order the "undisputed" submission to the opponent or the third party (with the possibility of service in Germany) and at the same time - if requested - issue a corresponding decision pursuant to Section 16 para. 1 TSPA and, if applicable, pursuant to Section 19 para. 1 TSPA. If the party liable for submission is not voluntarily prepared to submit the documents or copies thereof, or if service in Germany is not possible, the chambers will only issue a "contentious" order of submission or service abroad after the necessity and proportionality in the narrower sense have been affirmed. This will generally not be the case before the "second hearing" is held. In the case of joint litigation, the individual legal relationships must be considered individually. It cannot be inferred from an "undisputed" order for reference that the submission or presentation is necessary from the perspective of the chamber.

**Service from lawyer to lawyer**

The parties are requested to submit written statements, where permissible, directly from lawyer to lawyer in accordance with Section 195 of the German Code of Civil Procedure <u>and</u> to note this clearly and graphically emphasised on the first page of the written statement. If the parties comply with this request on <u>both</u> points, a judicial deadline that has <u>not</u> already been extended is automatically extended by one week, unless a deviating judicial order was exceptionally and expressly made when the deadline was set. The written statement can therefore be served from lawyer to lawyer one week later and submitted to the court at the same time without the need for an express request for an extension of time. Emergency deadlines are not extended.

**Period of validity and older information**

These notes replace the older notes of the Patent Litigation Chambers of the Regional Court Munich I on the Munich procedure, FRAND objection, confidentiality applications and foreign service. They are valid until new information is published. Individual court orders always take precedence.

signed

Dr Schön
Presiding Judge at the Regional Court



For the accuracy of the transcript
Munich, 13 November 2024

Haslauer, JAng
Clerk of the Registry
Notarised by machine processing - valid without signature