JAMES R. SIGEL (State Bar No. 288478)
  jamessigel@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-4850

JOSEPH ELIE-MEYERS (State Bar No. 325183)
  josepheliemeyers@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800

Attorneys for Respondent
APPLE INC.

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. 25-mc-80022-EKL<br><br>**DECLARATION OF BRIAN ANKENBRANDT IN SUPPORT OF APPLE INC.'S MOTION TO QUASH SUBPOENA ISSUED PURSUANT TO 28 U.S.C. § 1782** |

---

1

DECL. OF BRIAN ANKENBRANDT ISO MOTION TO QUASH SUBPOENA

I, Brian Ankenbrandt, declare and state as follows:

1. I am over the age of 18. I am a Senior Manager and lead the standard essential patent licensing team at Apple Inc. (Apple). I have held this position since September 2021. The statements below are made based on my personal knowledge or my review of the relevant business records and are true to the best of my knowledge and belief. I make them in support of Apple's motion to quash the subpoena issued by HMD Global Oy (HMD) pursuant to 28 U.S.C. § 1782 (the "Motion").

2. I have reviewed the subpoena served on Apple by HMD in this matter, which demands production of "[a]ll agreements" between Apple and Huawei. I understand that HMD is particularly seeking to obtain Apple's agreements with Huawei involving standard essential patents.

3. In my position as a Senior Manager in charge of standard essential patent licensing, I am required to, and do, maintain familiarity with Apple's licensing agreements, as well as the confidentiality provisions governing the use and disclosure of those agreements.

4. Apple maintains its license agreements, including those sought by HMD, in the strictest confidence. That is in part because public disclosure of such licensing agreements would severely harm Apple's business and competitive position.

5. I understand that HMD is particularly interested in the disclosure of the financial terms of such license agreements between Apple and Huawei, which HMD apparently believes are relevant to its "FRAND" defenses in patent infringement lawsuits brought against it in German courts. The disclosure of such financial terms would be likely to cause significant competitive harm to Apple, as Apple's competitors and other patent holders could use this information to Apple's disadvantage in negotiations with Apple or in negotiations with other companies. Disclosure of this information to HMD alone would be harmful to Apple, because HMD is a competitor of Apple.

6. Consistent with the need for the agreements sought by HMD to remain confidential to prevent competitive harm, these agreements contain strict confidentiality provisions. If produced during the course of litigation, these confidentiality provisions require the parties to ensure that the

terms of the agreement are subject to the most highly confidential restrictions available, and that those restrictions are embodied in a court order limiting disclosure to outside counsel.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 29th day of May, 2025, at Cupertino, California.

_____
Brian Ankenbrandt