1  Matthew S. Warren (State Bar No. 230565)
2  Erika H. Warren (State Bar No. 295570)
   Madeline A. Woodall (State Bar No. 351664)
3  25-80022@cases.warrenlex.com
   WARREN KASH WARREN LLP
4  2261 Market Street, No. 606
   San Francisco, California, 94114
5  +1 (415) 895-2940
   +1 (415) 895-2964 facsimile
6

7  *Attorneys for Applicant HMD Global Oy*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. 5:25-mc-80022-EKL<br><br>**OPPOSITION BY HMD GLOBAL OY TO RESPONDENT APPLE INC.'S MOTION TO QUASH SUBPOENA ISSUED PURSUANT TO 28 U.S.C. § 1782**<br><br>Date:   August 27, 2025<br>Time:   10:00 a.m. PDT<br>Dept:   Courtroom 7 |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    HMD Files Its Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.    The Court Orders Apple to Respond; Apple Declines to Argue the Merits . . . . . . . . . . . . . . . . . . . 2

    C.    The Court Grants HMD's Application, and HMD Serves the Subpoena . . . . . . . . . . . . . . . . . . . . 2

    D.    Apple and HMD Confer; HMD Tells Apple It Cannot Reargue the *Intel* Factors . . . . . . . . . . . . 2

    E.    Apple Moves to Quash, Rearguing the *Intel* Factors and Ignoring Its Waiver . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.    HMD's Application Meets the § 1782 Statutory Requirements . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II.    Apple Waived Its Opportunity to Contest the *Intel* Factors . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    III.    Apple's Motion to Quash Waived the Ability to Contest Waiver . . . . . . . . . . . . . . . . . . . . . . . . 5

    IV.    HMD Has Established that the *Intel* Factors Weigh In Favor of Its Application . . . . . . . . . . . . . . 5

        A.    The First *Intel* Factor Weights in Favor of HMD's Application . . . . . . . . . . . . . . . . . . . . . 5

        B.    The German Court Is Not Hostile to This Application . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        C.    HMD's Application Does Not Circumvent Any Law or Rule . . . . . . . . . . . . . . . . . . . . . . 8

        D.    HMD's Single Discovery Request Is Not Unduly Intrusive or Burdensome . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

# TABLE OF AUTHORITIES

*Cases* **Pages**

*Advanced Micro Devices, Inc. v. Intel Corp.*,
   292 F.3d 664 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Alvarez-Cruz v. Garland*,
   No. 20-71553, 2022 WL 2340808 (9th Cir. June 29, 2022) . . . . . . . . . . . . . . . . . . . . . . . . 3

*Andover Healthcare, Inc. v. 3M Co.*,
   817 F.3d 621 (8th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

*In re Ex Parte Apple Inc.*,
   No. 12-80013, 2012 WL 1570043 (N.D. Cal. May 2, 2012) . . . . . . . . . . . . . . . . . . . . . . 5, 7

*In re Ex Parte Application of Apple Inc.*,
   No. 18-1055, 2018 WL 5004997 (S.D. Cal. Oct. 16, 2018) . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Apple Retail UK Ltd.*,
   No. 20-80109, 2020 WL 3833392 (N.D. Cal. July 8, 2020) . . . . . . . . . . . . . . . . . . . . . . 6-7

*Baughman v. Walt Disney Co.*,
   685 F.3d 1131 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-10

*Baxalta Inc. v. Genentech, Inc.*,
   No. 16-80087, 2016 WL 11529803 (N.D. Cal. Aug. 9, 2016) . . . . . . . . . . . . . . . . . . . . . 10

*In re Bayer AG*,
   146 F.3d 188 (3d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Boyko*,
   No. 24-2888, 2025 WL 842453 (9th Cir. Mar. 18, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . .5

*CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*,
   34 F.4th 801 (9th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2, 4

*In re CPC Patent Techs. Pty Ltd.*,
   No. 21-80091, 2023 WL 3579314 (N.D. Cal. Jan. 3, 2023) . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re CPC Patent Techs. Pty Ltd.*,
   No. 21-80091, 2023 WL 8604197 (N.D. Cal. Oct. 11, 2023) . . . . . . . . . . . . . . . . . . . . . 4-5

*Cryolife, Inc. v. Tenaxis Med., Inc.*,
   No. 08-05124, 2009 WL 88348 (N.D. Cal. Jan. 13, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Davoodi v. Imani*,
   No. 11-0260, 2011 WL 577414 (N.D. Cal. Jan. 23, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Esses*,
   101 F.3d 873 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES
*(continued)*

| Cases | Pages |

*Green v. Baca*,
　　226 F.R.D. 624 (C.D. Cal. 2005) ................................................... 5

*Hobdy v. Los Angeles Unified Sch. Dist.*,
　　386 F. App'x 722 (9th Cir. 2010) ................................................. 5

*In re Illumina Cambridge Ltd.*,
　　No. 19-80215, 2019 WL 5811467 (N.D. Cal. Nov. 7, 2019) ........................ 8, 10

*Intel Corp. v. Advanced Micro Devices, Inc.*,
　　542 U.S. 241 (2004) ...................................................... *passim*

*In re IPCom GMBH & Co. KG*,
　　No. 14-80037, 2014 WL 12772090 (N.D. Cal. 2014) ............................... 6-7

*IPCom GMBH & Co. KG v. Apple Inc.*,
　　61 F. Supp. 3d 919 (N.D. Cal. 2014) ............................................ 6

*Kona Enters., Inc. v. Estate of Bishop*,
　　229 F.3d 877 (9th Cir. 2000) ................................................... 3

*In re Ex Parte LG Elecs. Deutschland GmbH*,
　　No. 12-1197, 2012 WL 1836283 (S.D. Cal. May 21, 2012) .......................... 6

*Marlyn Nutreaceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
　　571 F.3d 873 (9th Cir. 2009) ................................................... 3

*In re Microsoft Corp.*,
　　No. 06-80038, 2006 WL 825250 (N.D. Cal. Mar. 29, 2006) ......................... 5

*Novato Fire Prot. Dist. v. United States*,
　　No. 96-3893, 1998 WL 46923 (N.D. Cal. Jan. 27, 1998) ........................... 3

*Palantir Techs., Inc. v. Abramowitz*,
　　415 F. Supp. 3d 907 (N.D. Cal. Nov. 22, 2019) .............................. 6-7, 10

*In re Path Network, Inc.*,
　　703 F. Supp. 3d 1046 (N.D. Cal. 2023) .......................................... 9

*Sanderlin v. City of San Jose*,
　　No. 20-4824, 2025 WL 295360 (N.D. Cal. Jan. 23, 2025) .......................... 5

*Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*,
　　5 F.3d 1255 (9th Cir. 1993) .................................................... 4

*Siemens AG v. W. Digital Corp.*,
　　No. 13-1407, 2013 WL 5947973 (C.D. Cal. Nov. 4, 2013) .......................... 9

# TABLE OF AUTHORITIES
*(continued)*

**Cases** **Pages**

*Via Vadis Controlling GmbH v. Skype, Inc.*,
  No. 12-193, 2013 WL 646236 (D. Del. Feb. 21, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*Statutes & Rules*

28 U.S.C. § 1782. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Other Proceedings*

*Andover Healthcare, Inc. v. 3M Co.*,
  No. 14-44, Docket No. 17 (D. Minn. Aug. 22, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Apple Inc.*,
  No. 12-147, Docket No. 1 (S.D. Cal. Jan. 18, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-10

*In re Apple Inc.*,
  No. 12-147, Docket No. 4 (S.D. Cal. Jan 30, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Apple Inc.*,
  No. 12-147, Docket No. 9 (S.D. Cal. Feb. 2, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Ex Parte Apple Inc.*,
  No. 12-80013, Docket No. 1 (N.D. Cal. Jan. 23, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*In re Ex Parte Apple Inc.*,
  No. 12-80013, Docket No. 12 (N.D. Cal. Apr. 5, 2012) . . . . . . . . . . . . . . . . . . . . . . . . 7, 9-10

*In re Ex Parte Application of Apple Inc.*,
  No. 18-1055, Docket No. 1 (S.D. Cal. May 29, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-9

*In re Apple Retail UK Ltd.*,
  No. 20-80109, Docket No. 1 (N.D. Cal. July 1, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re CPC Patent Techs. Pty Ltd.*,
  No. 21-80091, Docket No. 34 (N.D. Cal. July 6, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re CPC Patent Techs. Pty Ltd.*,
  No. 21-80091, Docket No. 42 (N.D. Cal. Aug. 12, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re CPC Patent Techs. Pty Ltd.*,
  No. 21-80091, Docket No. 49 (N.D. Cal. Jan. 31, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Cryolife, Inc. v. Tenaxis Medical, Inc.*,
  No. 08-5124, Docket No. 11 (N.D. Cal. Dec. 23, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# TABLE OF AUTHORITIES
*(continued)*

*Other Proceedings* **Pages**

*Four Pillars Enters. Co., Ltd. v. Avery Dennison Corp.*,
  No. 00-11536, Docket No. 5 (C.D. Cal. Feb. 11, 2000) ................................ 4

*In re Netgear Inc.*,
  No. 23-794, Docket No. 17 (S.D. Cal. Aug. 31, 2024) ................................ 6

*Via Vadis Controlling GmbH v. Skype, Inc.*,
  No. 12-193, Docket No. 12 (D. Del. Oct. 24, 2012) ................................ 4

# INTRODUCTION

Apple's motion to quash seeks to reargue the Court's order granting HMD's application under 28 U.S.C. § 1782, thus rendering the Court's order an advisory opinion. Apple's attempt to take two bites of the (ahem) apple is improper, and the Court should not allow it. Even if the Court allowed Apple to reopen the Court's order, Apple's arguments would still fail, because Apple is judicially estopped from making them, and because Apple misunderstands both United States and German law.

Before *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801 (9th Cir. 2022), applications under § 1782 were truly *ex parte*. If the Court granted an application after hearing only the applicant's arguments, after service of the subpoena, the respondent could argue the *Intel* factors as well as regular subpoena points such as burdensomeness and proportionality. After *CPC*, however, applications under § 1782 in this Court were no longer *ex parte*, allowing both applicant and respondent to argue the statutory requirements and *Intel* factors before the Court ruled on the application. If the Court granted the application, the arguments remaining to the respondent were those available to any recipient of a subpoena, such as burdensomeness and proportionality. But when the Court ordered Apple to respond to HMD's application, Apple argued neither the statutory requirements nor the *Intel* factors, but said it "reserves all rights in connection with any subsequent subpoena." As HMD learned only after serving its subpoena, Apple purported to "reserve" not only its regular subpoena-recipient arguments, but also its arguments on the statutory requirements and *Intel* factors, the issues to which the Court had ordered it to respond. Apple claims that, unlike every other litigant in every other situation, § 1782 respondents get a mulligan: they can brief these issues and do it later or even brief them twice. Apple is wrong.

But even if the Court grants Apple its mulligan and revisits the *Intel* factors it already decided, it should deny Apple's motion to quash for two additional reasons. First, on each *Intel* factor Apple makes arguments that diametrically oppose arguments it previously made and won when Apple was the § 1782 applicant. Apple is thus judicially estopped from making these arguments now. Second, Apple's arguments depend on misunderstandings of both United States and German law. Apple's arguments are thus triply deficient: it waived them by not making them when it should have; it is judicially estopped from making them; and they are incorrect. The Court should deny Apple's motion to quash HMD's narrowly tailored subpoena.

# BACKGROUND

## A. HMD Files Its Application

On February 3, 2025, HMD Global Oy ("HMD") applied for an order under 28 U.S.C. § 1782 to seek discovery for foreign proceedings. Docket No. 1. HMD's application sought one narrowly tailored request for agreements between Apple and Huawei. Docket No. 1-3 at 3:3-5. As HMD explained in its application, this request sought documents relevant to HMD's defenses against patent infringement claims asserted against HMD by Huawei Technologies Co., Ltd. ("Huawei") in three actions before the courts in Munich, Germany. Docket No. 1 at 3:5-14. Although HMD's application used the words "*ex parte*," it couldn't be, and it wasn't. Following the Ninth Circuit's decision in *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801 (9th Cir. 2022), which held that an "application for court-ordered discovery pursuant to § 1782 [is] a dispositive matter," *id.* at 808, HMD conferred with Apple before filing its application and promptly served Apple upon filing it. Docket No. 1 at 2:1; Docket No. 7.

## B. The Court Orders Apple to Respond; Apple Declines to Argue the Merits

On February 5, 2025, the Court ordered Apple to "file a response to the petition by February 19, 2025, without prejudice to its opportunity to file a motion to quash or modify the subpoena, if one is issued." Docket No. 8 at 1:21-23. Apple filed a timely response, which confirmed that "Apple takes no position at this time on whether HMD's Application should be granted, but it reserves all rights in connection with any subsequent subpoena." Docket No. 14 at 2:5-6; *see generally id.*

## C. The Court Grants HMD's Application, and HMD Serves the Subpoena

On May 14, 2025, this Court granted HMD's application. Docket No. 19. The Court found that HMD "met all three threshold statutory requirements" (*id.* at 4:10), and found "that all four discretionary considerations set forth in *Intel* favor granting the Application." *Id.* at 4:16-17. The Court ordered that "HMD shall serve a copy of this Order on Apple with the proposed Subpoena." *Id.* at 5:8. Two days later, HMD served the proposed subpoena on Apple. Docket No. 20.

## D. Apple and HMD Confer; HMD Tells Apple It Cannot Reargue the *Intel* Factors

HMD and Apple met and conferred. During these discussions, Apple mentioned that its motion to quash might contest the *Intel* factors. HMD reminded Apple that, following *CPC*, Apple had had its chance to argue these points, and could not do so again. Declaration of Matthew S. Warren, Ex. 1.

### E. Apple Moves to Quash, Rearguing the *Intel* Factors and Ignoring Its Waiver

On May 29, 2025, Apple filed its motion to quash HMD's subpoena. ("Mot"; Docket No. 21.) Although not styled as a motion for reconsideration and not following L.R. 7-9, Apple's motion reargued the *Intel* factors this Court had decided against Apple just two weeks before. Docket No. 19. Although Apple knew HMD's view that it had waived the *Intel* factors, Apple did not address this point in its opening brief, *see generally* Mot., holding back these arguments for reply. In other words, having already lain in wait for the Court to grant HMD's application before seeking to reargue the *Intel* factors, Apple chose again to lie in wait to defend itself, making an improper defense of an improper tactic.

## ARGUMENT

### I. HMD's Application Meets the § 1782 Statutory Requirements

This Court has already determined that "HMD has met all three threshold statutory requirements" of 28 U.S.C. § 1782. Docket No. 19 at 4:10. Apple does not dispute this finding, although it incorrectly claims it could have done so following the Court's order. *See* Mot. at 5:5.

### II. Apple Waived Its Opportunity to Contest the *Intel* Factors

Apple's motion seeks to reargue the *Intel* factors that this Court has already decided against Apple. *See generally* Mot. It cannot. "If a party failed to raise the arguments earlier, the arguments are deemed waived." *Novato Fire Prot. Dist. v. United States*, No. 96-3893, 1998 WL 46923, at *1 (N.D. Cal. Jan. 27, 1998); *see also Alvarez-Cruz v. Garland*, No. 20-71553, 2022 WL 2340808, at *1 (9th Cir. June 29, 2022) ("The government waived any opposition to CAT relief by failing to oppose such relief in its brief to this court."). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)) (emphasis in original).

When this Court required Apple to respond to HMD's application, Apple made a strategic decision not to contest the *Intel* factors. *See supra* § B. Although various courts, including this Court in granting HMD's application, have stated that an order granting a § 1782 application is "without prejudice to any argument that may be raised in a motion to quash," Docket No. 19 at 5:9-10, following the Ninth Circuit's ruling in *CPC*, the arguments that "may be raised in a motion to quash" must be

limited to normal arguments for subpoena respondents, such as burdensomeness and proportionality. Otherwise, § 1782 applications would differ from every other litigation and respondents to those applications would differ from every other litigant, because they would get two bites at the apple, rendering the Court's grant of an application merely advisory. There is no way to square Apple's motion either with the general rule that litigants must address issues the first time they arise, *see supra*, or with the Ninth Circuit's specific conclusion that orders denying § 1782 applications are dispositive resolutions allowing appeal. *CPC*, 34 F.4th at 807-08. An order cannot be both dispositive (as the Ninth Circuit has held) and advisory (as Apple asks this Court to hold). Instead, an order under § 1782 is just like any other order: binding on the parties before the Court.

Apple's own cases confirm as much. Of the seventeen cases Apple cites in its motion, in six the court gave the respondent an opportunity to respond before ruling on the application for discovery; in each of those cases, unlike Apple, the respondent took a position on whether the application should be granted and opposed the application within the time to respond. *See Andover Healthcare, Inc. v. 3M Co.*, No. 14-44, Docket No. 17 (D. Minn. Aug. 22, 2014); *Via Vadis Controlling GmbH v. Skype, Inc.*, No. 12-193, Docket No. 12 (D. Del. Oct. 24, 2012); *Cryolife, Inc. v. Tenaxis Medical, Inc.*, No. 08-5124, Docket No. 11 (N.D. Cal. Dec. 23, 2008); *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 666 (9th Cir. 2002); *Four Pillars Enters. Co., Ltd. v. Avery Dennison Corp.*, No. 00-11536, Docket No. 5 (C.D. Cal. Feb. 11, 2000); *In re Bayer AG*, 146 F.3d 188, 190 (3d Cir. 1998).

Apple tried the same trick, and failed, in *CPC* itself. Following remand from the Court of Appeals, Apple participated in briefing the *Intel* factors. *E.g., In re CPC Patent Techs. Pty Ltd.*, No. 21-80091, Docket No. 34 (N.D. Cal. July 6, 2022); *id.*, Docket No. 42 (N.D. Cal. Aug. 12, 2022). The "Court found that the *Intel* factors weighed in favor of granting the petition." *Id.*, 2023 WL 8604197, at *2 (N.D. Cal. Oct. 11, 2023). Apple then tried to reargue the *Intel* factors through a Rule 59(e) motion. *Id.*, Docket No. 49 (N.D. Cal. Jan. 31, 2023). In response, the Court noted that "'[t]he overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into newly discovered evidence,'" *CPC*, 2023 WL 8604197, at *3 (quoting *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)), found that "Apple had numerous opportunities to challenge CPC's petition and argue that the second and third *Intel* factors

weighed against granting CPC's petition," and denied its motion. *CPC*, 2023 WL 8604197, at *3-4. Under a different procedure, Apple tries the same trick here; for the same reasons, it cannot.

### III.   Apple's Motion to Quash Waived the Ability to Contest Waiver

Apple's motion is improper for another reason: although it knew from meeting and conferring with HMD that HMD would argue waiver as it has above, Apple chose not to address this issue in its opening brief. This too is improper. "[A] party has an obligation to raise any dispositive issue in its opening brief, or else that issue need not be considered." *Hobdy v. Los Angeles Unified Sch. Dist.*, 386 F. App'x 722, 725 (9th Cir. 2010); *see also In re Boyko*, No. 24-2888, 2025 WL 842453, at *1 n.2 (9th Cir. Mar. 18, 2025); *Davoodi v. Imani*, No. 11-0260, 2011 WL 577414, at *5 (N.D. Cal. Feb. 9, 2011) ("As an initial matter, Plaintiff should have made his waiver argument in his opening brief, not his reply."); *Sanderlin v. City of San Jose*, No. 20-4824, 2025 WL 295360, at *3 (N.D. Cal. Jan. 23, 2025) ("The litigants are responsible for making all relevant arguments and directing the Court's attention to the supporting evidence, and a failure to do so can waive an argument."). Apple waived its right to contest its waiver of the *Intel* factors by deliberately failing to brief this issue in its motion to quash.

### IV.   HMD Has Established that the *Intel* Factors Weigh In Favor of Its Application

Should the Court reexamine its order, it should find "that all four discretionary considerations set forth in *Intel* favor granting the Application." Docket No. 19 at 4:16-17. Apple argues that "HMD bears the burden of demonstrating that these factors are satisfied." Mot. at 5:17-18 (citing *In re Microsoft Corp.*, No. 06-80038, 2006 WL 825250 (N.D. Cal. Mar. 29, 2006)). But Microsoft carried the burden because it was the respondents' "first opportunity to object to Microsoft's motion for assistance under Section 1782." 2006 WL 825250, at *2 n.3. HMD has carried its burden when the Court granted the application. "The burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant." *In re Ex Parte Apple Inc.*, No. 12-80013, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012) (quoting *Green v. Baca*, 226 F.R.D. 624, 653-54 (C.D. Cal. 2005)). Apple cannot meet this burden, as its arguments are both judicially estopped and incorrect.

#### A.   The First *Intel* Factor Weighs In Favor of HMD's Application

This Court found that "Apple is not a participant in the German actions, so the discovery HMD seeks will be outside the German courts' jurisdiction." Docket No. 19 at 4:17-18. That is true.

*See* Docket No. 1 § II.A; Declaration of Andreas von Falck ¶¶ 4-8.  Apple relies on *Andover Healthcare, Inc. v. 3M Co.*, 817 F.3d 621, 623 (8th Cir. 2016), a case this District has declined to follow.  *E.g., Palantir Techs., Inc. v. Abramowitz,* 415 F. Supp. 3d 907, 913 (N.D. Cal. Nov. 22, 2019).

Apple argues that "the ultimate inquiry under this *Intel* factor is whether the evidence HMD seeks here is available in Germany," Mot. at 6:12-14, but that rephrasing of the question does not change the answer.  As Dr. von Falck confirms, the German courts cannot compel Huawei to produce materials from outside of Germany.  von Falck Decl. ¶¶ 4-8.  Apple's German lawyer says nothing to the contrary.  *See generally* Docket No. 21-2.  Instead, Apple asks this Court to assume that "the evidence HMD seeks here is available in Germany," and therefore to rule against HMD.  But that is not what U.S. courts do, as shown by cases granting applications under § 1782 seeking license agreements between a U.S. respondent and an opponent in foreign litigation.  *E.g., In re Netgear Inc.*, No. 23-794, Docket No. 17 (S.D. Cal. Aug. 31, 2024) (granting application seeking license agreements between Qualcomm and Huawei for use in German litigation against Huawei); *In re Ex Parte LG Elecs. Deutschland GmbH*, No. 12-1197, 2012 WL 1836283 (S.D. Cal. May 21, 2012) (granting application seeking license agreements between Qualcomm and Mitsubishi for use in German and Japanese litigation against Mitsubishi).  Even in *In re IPCom GMBH & Co. KG*, where Apple was a party to the foreign litigation, the Court granted IPCom's application to obtain Apple license agreements because, although Apple was "subject to the German Court's jurisdiction" and there was an "apparent diminished need" for the discovery, "German law does not provide parties with the far-reaching discovery available in the United States," and the information "does not appear within the immediate reach of a German tribunal."  No. 14-80037, 2014 WL 12772090, at *2 (N.D. Cal. Apr. 10, 2014); *see also IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 923 (N.D. Cal. 2014) (denying Apple's motion to quash and noting that IPCom "could not" have sought production in Germany, crediting IPCom's argument that "a party in a German lawsuit can only request specific documents from his adversary, not categories of documents.").

At least four times, Apple itself has obtained the kind of discovery it now seeks to deny HMD, making arguments that directly contradict its current claims.  In *In re Apple Retail UK Ltd.*, Apple sought license agreements between Intel and Apple's opponent in foreign litigation, arguing that "[b]ecause Intel is not a party to the foreign litigations, the material Apple seeks — licenses within

Intel's possession — may not be within the foreign tribunals' reach." No. 20-80109, Docket No. 1 at 6:25-27 (N.D. Cal. July 1, 2020). This Court granted the application, finding "that this factor weighs in favor of discovery." *Id.*, 2020 WL 3833392, at *3 (N.D. Cal. July 8, 2020). Similarly, in *In re Apple Inc.*, Apple sought license agreements between Qualcomm and Motorola, Apple's opponent in foreign litigation, arguing again that "Qualcomm is not a party to the foreign litigations, and the material sought—licenses and communications in Qualcomm's possession—may not be within the foreign tribunal's jurisdictional reach." No. 12-147, Docket No. 1 at 5:18-21 (S.D. Cal. Jan. 18, 2012). The Court granted the application, and denied Motorola's motion to quash. *Id.*, Docket No. 9 (S.D. Cal. Feb. 2, 2012). And in *In re Ex Parte Apple Inc.*, Apple sought license agreements between Nokia and Apple's litigation opponent, arguing that "there is no requirement to show that the material is not available from some other entity, whether or not one of their affiliates is a party in the foreign proceedings." No. 12-80013, Docket No. 12 at 5:28-6:1 (N.D. Cal. Apr. 5, 2012). This Court granted the application, and denied Nokia's motion to quash. *Id.*, 2012 WL 1570043, at *1, *4 (N.D. Cal. May 2, 2012). Finally, Apple sought license agreements from Qualcomm, its opponent in the German litigation, with Apple's iPhone manufacturers, arguing that "courts in this circuit have found that this factor is neutral when the foreign tribunal is a German court." *In re Ex Parte Application of Apple Inc.*, No. 18-1055, Docket No. 1 at 6:18-19 (S.D. Cal. May 29, 2018). The Court granted the application with modifications to the requested document categories. *Id.*, 2018 WL 5004997 (S.D. Cal. Oct. 16, 2018). Having made these arguments and prevailed on them, Apple is judicially estopped from making the opposite arguments now. *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133-34 (9th Cir. 2012).

### B. The German Court Is Not Hostile to This Application

This Court held that the second *Intel* factor favored granting HMD's application. Docket No. 19 at 4:18-21. Again, the Court is correct. *See* Docket No. 1 § II.B; von Falck Decl. ¶¶ 9-10. Apple admits that German courts are "generally receptive to evidence through Section 1782 proceedings," but argues that the same German courts are specifically *not* receptive to HMD's proposed evidence. Mot. at 7:18-24. Apple is wrong. *See* von Falck Decl. ¶¶ 9-10, 12-15. For precisely these reasons, this Court has repeatedly held that this factor allows § 1782 discovery for use in Germany. *E.g.*, *Apple*, *supra*, 2012 WL 1570043, at *2; *IPCom*, 2014 WL 12772090, at *3; *Palantir*, 415 F. Supp. 3d at 914-15.

Apple briefly cites *Via Vadis Controlling GmbH v. Skype, Inc.*, No. 12-193, 2013 WL 646236, at *3 (D. Del. Feb. 21, 2013), but as this Court found in a previous case involving Apple, "the *Via Vadis* court denied petitioner's Section 1782 petition on a number of additional grounds," including "the existence of a protective order that 'specifically prohibit[ed] disclosure of the source code'" in the foreign proceedings, such that "the totality of the *Intel* factors in *Via Vadis* was markedly different than it is here." *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, No. 21-80091, 2023 WL 3579314, at *4 (N.D. Cal. Jan. 3, 2023) (quoting *Via Vadis*, 2013 WL 646236, at *3) (alteration in original).

Again, Apple previously raised contradictory arguments and prevailed. In *In re Apple Inc.* and *In re Ex Parte Apple Inc.*, Apple argued that "prior cases have recognized the receptiveness of German courts to the use of discovery obtained through Section 1782." No. 12-147, Docket No. 1 at 6:12-14; No. 12-80013, Docket No. 1 at 6:15-17 (N.D. Cal. Jan. 23, 2012). And in *In re Ex Parte Application of Apple Inc.*, Apple argued that "courts in this circuit have found that this factor is neutral when the foreign tribunal is a German court." No. 18-1055, Docket No. 1 at 6:18-19. Apple's past arguments succeeded, rendering it judicially estopped from contradicting them. *Baughman*, 685 F.3d at 1133-34.

### C. HMD's Application Does Not Circumvent Any Law or Rule

This Court also found that the third *Intel* factor weighed in favor of granting HMD's application, Docket No. 19 at 4:16-17, reasoning that "HMD represents that it is not attempting to circumvent any foreign proof-gathering restrictions or other policies of Germany or the United States" and "neither the Application nor the supporting materials suggest any evidence to the contrary." *Id.* at 4:24-28 (citing *In re Illumina Cambridge Ltd.*, No. 19-80215, 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019)). Again, the Court is correct. *See* Docket No. 1 § II.C; von Falck Decl. ¶¶ 12-15.

Apple argues that HMD should pursue the same "discovery from Huawei in Germany" (Mot. at 8:11-12), but that discovery is outside the jurisdiction of the German courts. Docket No. 1 § II.C; von Falck Decl. ¶¶ 12-15. Next, Apple claims that the German courts engage in "phased discovery proceedings," citing its German lawyer's declaration and the guidelines of the Munich patent court. Mot. at 8:18, 23-25 (citing Docket No. 21-2 ¶¶ 8-13 & Ex. 1). But as Dr. von Falck explains in response, those "guidelines" are exactly that, and cannot override the general law allowing submission of evidence, including evidence obtained through § 1782. *See* von Falck Decl. ¶¶ 14-15. Again, Apple's

German lawyer says nothing to the contrary. *See generally* Docket No. 21-2. But this Court need not resolve the nuances of German law, because, "in the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782, this discretionary factor tends to support authorizing the requested discovery." *In re Path Network, Inc.*, 703 F. Supp. 3d 1046, 1063 (N.D. Cal. 2023). Apple proffers no such "authoritative proof"; this factor favors production.

Apple briefly cites *Siemens AG v. W. Digital Corp.*, No. 13-1407, 2013 WL 5947973 (C.D. Cal. Nov. 4, 2013), *Cryolife, Inc. v. Tenaxis Med., Inc.*, No. 08-05124, 2009 WL 88348 (N.D. Cal. Jan. 13, 2009), and *Via Vadis*, 2013 WL 646236. But the *Via Vadis* Court denied the § 1782 application because the parties agreed not to disclose the requested discovery. *See supra* § IV.B. And in *Siemens* and *Cryolife*, the Court found that this factor favored the application as to "liability discovery," which is what HMD seeks here, and granted that discovery. 2013 WL 5947973, at *4-5; *see* 2009 WL 88348, at *5.

Once again, as with the other factors, Apple's arguments conflict with those it has raised in support of its previous applications. In *In re Apple Inc.*, Apple argued that "courts have routinely granted applications under Section 1782 for evidence to be used in the foreign courts at issue here" (No. 12-147, Docket No. 1 at 7:2-3), and "only upon authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782 should a district court refrain from granting the assistance offered by the act." *Id.* at 6 n.4 (quoting *In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996)). Additionally, in *In re Ex Parte Apple Inc.*, Apple argued that to defeat a § 1782 application, the respondent "would have to establish that the German court would *reject* the licenses sought by the subpoena." No. 12-80013, Docket No. 12 at 7:2-3 (emphasis in original). Finally, Apple affirmed in *In re Ex Parte Application of Apple Inc.*, that "Section 1782 does not require that the documents sought be discoverable in the foreign tribunal." No. 18-1055, Docket No. 1 at 7:26-27. Again, Apple is judicially estopped from making contradictory arguments here. *Baughman*, 685 F.3d at 1133-34.

**D.    HMD's Single Discovery Request Is Not Unduly Intrusive or Burdensome**

Finally, this Court found that "the discovery sought is not unduly burdensome because it is limited in scope to a specific set of agreements between Huawei and Apple as defined in the Subpoena." Docket No. 19 at 5:1-3. The Court is correct. *See* Docket No. 1 § II.D. In its motion to quash, Apple does not argue that HMD's subpoena is overbroad, insufficiently limited in scope, or burdensome; it

argues only that the limited set of documents HMD seeks are highly confidential. Mot. at 9-10. But what Apple calls "limited protections available for confidential information in Germany" (*id.* at 9:12-13) are actually quite severe, including criminal penalties for violations that are not available here. *See* von Falck Decl. ¶¶ 16-20. This Court has often credited these protections and their strength. *E.g.*, *Palantir*, 415 F. Supp. 3d at 913; *Illumina*, 2019 WL 5811467, at *5. Apple ignores these cases and relies on *Andover*, 817 F.3d at 624, and *Baxalta Inc. v. Genentech, Inc.*, No. 16-80087, 2016 WL 11529803, at *8 (N.D. Cal. Aug. 9, 2016). This Court does not follow *Andover*, *supra* § IV.A, and since *Baxalta*, has rejected as "misplaced" Apple's argument here. *Palantir*, 415 F. Supp. 3d at 913.

Once again, Apple's arguments conflict with its previous applications under § 1782. In *In re Apple Inc.*, Apple argued that its requests for "intellectual property licenses between Qualcomm and Motorola and communications regarding the license," were "narrowly tailored and minimally burdensome," and sought a "small, discrete set of documents," that are "likely to be small and easily searchable, avoiding any undue burden on Qualcomm." No. 12-147, Docket No. 1 at 7:8-12. Apple further argued that "Motorola understates the significant confidentiality protections provided by the German court." *Id.*, Docket No. 4 at 1:11-12 (S.D. Cal. Jan 30, 2012). And in *In re Ex Parte Apple Inc.*, Apple argued that "intellectual property licenses between Nokia and Motorola" and "communications regarding the licenses," are "narrowly tailored and minimally burdensome," as they constitute a "small, discrete set of documents" (No. 12-80013, Docket No. 1 at 7:10-12), and that "concerns regarding confidentiality are not compelling" in German proceedings. *Id.*, Docket No. 12 at 7:21-22. Again, Apple is judicially estopped from making the opposite arguments here. *Baughman*, 685 F.3d at 1133-34.

## CONCLUSION

For all the foregoing reasons, the Court should deny Apple's motion to quash and order prompt production in response to HMD's subpoena.

Date: June 12, 2025

Respectfully submitted,

_____
Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Madeline A. Woodall (State Bar No. 351664)
WARREN KASH WARREN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-80022@cases.warrenlex.com

*Attorneys for Applicant HMD Global Oy*