Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Madeline A. Woodall (State Bar No. 351664)
25-80022@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Applicant HMD Global Oy*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. 5:25-mc-80022-EKL **DECLARATION OF ANDREAS VON FALCK IN SUPPORT OF OPPOSITION BY HMD GLOBAL OY TO RESPONDENT APPLE INC.'S MOTION TO QUASH SUBPOENA ISSUED PURSUANT TO 28 U.S.C. § 1782** |

- 1 -

I, Andreas von Falck, with my professional address at Dreischeibenhaus 1, 40211 Düsseldorf, Germany declare under 28 U.S.C. § 1746 as follows:

1.    I have submitted a first declaration for the proceedings at hand, executed February 3, 2025.

2.    I have reviewed Apple's motion to quash and the corresponding declarations of James R. Sigel, Wolrad Prinz zu Waldeck und Pyrmont and Brian Ankenbrandt as filed on 29 May 2025.

3.    In response to the points raised by those documents, and in addition to my first declaration, I declare the following. I make this declaration based on my own personal knowledge and based on documents that I have reviewed.

## A.
## Unavailability of the materials HMD seeks in the German proceedings and need for said materials

4.    In the German proceedings, HMD's request to obtain the agreements concluded between Huawei and Apple is based on Section 142 German Civil Code Of Procedure (cited in para. 22 of my first declaration), hereinafter referred to as "Section 142".

5.    Section 142 only applies to information and documents located in Germany (and in the European Union under limited circumstances), because German courts cannot enforce production of evidence located outside of Germany. Further, a party requesting evidence pursuant to the aforementioned rule must specifically identify that evidence. For example, one must request a specific contract.

6.    In the case at hand, the current patent holder and plaintiff in the German proceedings, Huawei, is a Chinese entity. HMD will not be able to demonstrate that the relevant material is located in Germany. Further, HMD is not able to further

specify or identify the relevant agreements, related documents, or any other relevant documents as it does not know which documents exactly exist.

7.   Even if the German courts granted a disclosure order as requested by HMD based on Section 142, Huawei could still deny producing the material. Under these circumstances, there would be no way for the German court to compel the production of the material.

8.   Equally, information located in the United States in the possession or custody of Apple, or otherwise in the control of Apple and located outside of Germany, would not be available to HMD through German discovery laws.

9.   While the German courts cannot order or compel the discovery that HMD seeks through this Section 1782 application, it will nevertheless be receptive to evidence obtained through Section 1782 proceedings in the United States. Under German law, any documents obtained in a U.S. application pursuant to 28 U.S.C. § 1782 can be formally introduced into the German Proceeding by offer of proof.

10.  Due to the constitutional right of access to the courts according to Art. 103 of the German Constitution (*Grundgesetz*), and the obligation to consider all facts of the case according to Section 286 para. 1 German Civil Code Of Procedure, German courts generally have to take into consideration all evidence submitted into the proceedings (German Federal Court of Justice, decision of 19 June 2002, NJOZ, 2002, 2019 et seq.).

11.  It cannot be expected that the Munich Court of Appeal will grant HMD's disclosure requests based on Section 142. To the best of my knowledge, the decision of 29 October 2020 (6 U 5784/20 Kart.) as mentioned in the declaration provided by Wolrad Prinz zu Waldeck und Pyrmont was not published. I was not able to find and read said decision.

- 3 -

**B.**

**No German evidence-gathering restrictions or other German policies restricting gathering or using the evidence HMD is seeking**

12.  In general, there is no law, rule of evidence, or rule of procedure in German proceedings that prohibits a party from seeking discovery pursuant to Section 1782, and then using the evidence obtained through a Section 1782 application in German court proceedings. In my own and my firm's practice, we have had several cases where a U.S. court granted an application under Section 1782 and where the evidence obtained from the United States was successfully introduced into German proceedings. Therefore, any order by this Court for the production of material to be used in a patent infringement action in Germany would not constitute an affront to the dignity of the German legal system.

13.  In particular, there is no law, rule of evidence, or rule of procedure in German proceedings intended to restrict gathering or use of license agreements (or agreements granting other rights, privileges, or benefits with respect to the concerned patent portfolio(s)) concluded by the Claimant who is asserting standard essential patents. Instead, it is acknowledged by established case law that said agreements establish a primary FRAND benchmark and these types of agreements are often used as evidence in German proceedings.

14.  The Munich District Court's Guidelines submitted as Exhibit 1 to the declaration of Wolrad Prinz zu Waldeck und Pyrmont do not have legally binding character and cannot change applicable laws. Said guidelines neither establish a law nor a rule of evidence or a rule of procedure. Instead, the mere purpose of said – non-binding – guidelines is to streamline patent infringement proceedings before the Munich District Court and to inform the parties about the usual handling of the proceedings by the local judges in order to ensure that the proceedings can be conducted as efficiently as possible.

- 4 -

15. Specifically, said guidelines do not establish any evidence-gathering restrictions nor any kind of other policy intended to restrict gathering or use of evidence. As outlined above (and confirmed by the German Federal Court of Justice), due to the constitutional right of access to the courts according to Art. 103 of the German Constitution (*Grundgesetz*), and the obligation to consider all facts of the case according to Section 286 para. 1 German Civil Code Of Procedure, German courts generally have to take into consideration all evidence submitted into the proceedings. Accordingly, guidelines issued by individual courts to promote efficiency of the proceedings can never (and are not intended to) undermine this constitutional right and impose any kind of proof-gathering restrictions or any kind of other policy intended to restrict gathering or use of evidence.

## C.
## Confidentiality protection under German law

16. As correctly explained in the declaration of Wolrad Prinz zu Waldeck und Pyrmont, German procedural law does not allow for sealing orders or orders implementing an "Attorneys' Eyes Only" (AEO) regime. The background is that there is a constitutional right of access to the courts and a constitutional right to be heard. Accordingly, the parties must have access to all facts being subject to the proceedings. However, the German Trade Secrets Protection Act (GeschGehG) allows to limit said access to confidential information on the side of each party to one reliable person in addition to the party's counsel of record.

17. It should be added that a party's individual(s) getting access to confidential information would be bound by a confidentiality order issued by the German court based on the German Trade Secrets Protection Act (GeschGehG). Said order would stipulate that the concerned individual(s) must maintain the confidential information in strict confidence and must not use said information outside the German proceedings. Said obligations continue to exist after the proceedings are terminated. In case of violation of said confidentiality order the German court can – for each

- 5 -

violation – impose penalty payments of up to EUR 100.000 or imprisonment up to six months and immediately enforce said measures.

18. A respective confidentiality order would also stipulate that the confidential information cannot be accessed by any third party as part of file inspection requests and must be exempt from such inspections.

19. The parties to the relevant German proceedings are Huawei and HMD only.

20. If confidential information becomes the subject of German patent infringement proceedings, the public is excluded from hearings (which are generally public) upon respective requests. If a judgment is published, the confidential information is redacted from the published decision. I am not aware of any case where confidential information was made available to the public or unauthorized third parties.

I declare under penalty or perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 12, 2025, in Düsseldorf, Germany.

Andreas von Falck