# EXHIBIT 1

## In re HMD Global Oy, Case No. 25-80022 (N.D. California)

**Matt Warren** <matt@warrenkashwarren.com>  Tue, May 27, 2025 at 4:42 PM
To: James Siegel <jamessigel@dwt.com>, Joseph Elie-Meyers <josepheliemeyers@dwt.com>
Cc: In re HMD Global Oy <25-80022@cases.warrenlex.com>

James:

I write in response to your email of earlier today, and to follow up on our discussions last week.  Thank you for taking the time to speak with me about this matter.  During our conversation last week, you asked whether HMD would be willing to extend Apple's deadline to respond and object to the subpoena.  We do not believe it is appropriate to do so, as Apple has known the scope of the subpoena as well as the wording of our request since we served it almost four months ago, on February 4, 2025.  Although we hope that Apple will produce documents in response to the subpoena, we don't believe that more time will change Apple's mind, so if Apple is going to object to our request, we might as well find out now, so that we can proceed to resolve that objection.

That brings me to my final point.  During our calls, you mentioned that Apple might file a motion to quash, and that this motion might contest the *Intel* factors under 28 U.S.C. sec. 1782.  As I mentioned in response, we believe that Apple has waived this argument.  Before *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801 (9th Cir. 2022), respondents to subpoenas under sec. 1782 might argue the *Intel* factors in a motion to quash—and sensibly so, because they had not appeared in matter when the Court granted the sec. 1782 application.  After *CPC*, however, the Court requires service of the respondent immediately, making the proceeding "ex parte" only in name.  That happened here:  HMD served Apple with its application, the Court gave Apple a chance to respond to HMD's application, and Apple declined to raise any objection to HMD's application.  When a party has an opportunity to make arguments, any "issues not supported by argument are deemed waived." *Lihong Ke v. Holder*, 556 F. App'x 619, 620 (9th Cir. 2014) (citing *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996)).  Apple had an opportunity to argue the *Intel* factors, and didn't; as a result, once the Court granted HMD's application, Apple became a normal subpoena respondent, able to make normal subpoena arguments such as burdensomeness, but could no longer challenge the propriety of HMD's application under 28 U.S.C. sec. 1782.  I understand that Apple may disagree; if so, I look forward to reading your brief on this point.

We remain willing to discuss a mutually beneficial resolution of this issue.  If you believe one is available, please do not hesitate to contact me.  Thank you for your continued time and courtesy in this matter.

Best Regards,
Matt Warren

--
Matt Warren      matt@warrenkashwarren.com      +1 (415) 895-2928