JAMES R. SIGEL (State Bar No. 288478)
  jamessigel@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-4850

JOSEPH ELIE-MEYERS (State Bar No. 325183)
  josepheliemeyers@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800

Attorneys for Respondent,
APPLE INC.

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. 25-mc-80022-EKL<br><br>**RESPONDENT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA ISSUED PURSUANT TO 28 U.S.C. § 1782**<br><br>Date:  August 27, 2025<br>Time:  10:00 a.m.<br>Dept.:  Courtroom 7<br><br>Assigned to the Hon. Eumi K. Lee |

## I. INTRODUCTION

HMD's arguments ignore inconvenient facts. First, while HMD insists Apple waived its opportunity to challenge HMD's subpoena, it ignores (among other things) that this Court expressly provided its order granting HMD's § 1782 petition was "without prejudice to *any argument*" Apple might make. Order 5 (emphasis added). Second, HMD contends it is entitled to discovery largely because Apple has also previously invoked § 1782 in different circumstances—ignoring Apple's central argument that, unlike in the cases HMD cites, the German courts can grant HMD's pending applications for this evidence if necessary. Quashing the subpoena is therefore warranted.

## II. APPLE COULD NOT HAVE WAIVED ITS *INTEL* ARGUMENTS

Simply put, this Court explicitly recognized Apple's ability to present *Intel* arguments in support of its motion to quash, and did not definitively resolve that issue against Apple. *Contra* Opp. 3-5; *see Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). Indeed, the Court's order allowing HMD's subpoena was "without prejudice to *any argument* that may be raised in a motion to quash or other motion from Apple." Order 5 (emphasis added). This was uncontroversial: courts consistently recognize that parties that do not initially oppose a § 1782 application may challenge the requested discovery in a motion to quash. *See, e.g.*, *Liapis v. Meta Platforms, Inc.*, 2025 WL 1294651, at *1, *9 (N.D. Cal., May 5, 2025); *FL Distribución S.A. de C.V. v. Sony Interactive Entm't Am. Trading LLC*, 2023 WL 6541861, at *1, *10 (N.D. Cal. Oct. 6, 2023).

HMD cites no contrary authority. Instead, HMD argues this established practice cannot be reconciled with *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801 (9th Cir. 2022), which held that "orders denying § 1782 applications are dispositive resolutions allowing appeal." Opp. 4. That is a non sequitur. *CPC* held such orders are "dispositive" under the Federal Magistrates Act because they "den[y] the only relief sought," leaving § 1782 applicants out of court. *CPC*, 34 F.4th at 807-08. That has no bearing on whether § 1782 respondents can raise the *Intel* factors in a motion to quash.[1] And if *CPC* were relevant, the Ninth Circuit's subsequent *CPC* decision defeats HMD's argument: the Court held an order *granting* a § 1782 application was insufficiently final for appeal because it could be challenged in a motion to quash. *CPC Pat. Techs. Pty Ltd. v. Apple Inc.,* 119

---

[1] Nor did Apple "tr[y] the same trick" in *CPC*; Apple simply moved for reconsideration after the court rejected its arguments in opposing a § 1782 application. *Contra* Opp. 4.

1
APPLE INC.'S REPLY ISO MOTION TO QUASH SUBPOENA
Case No. 25-mc-80022-EKL

F.4th 1126, 1134 (9th Cir. 2024); *see also CPC*, 34 F.4th at 809 (accepting premise that "'the subpoenaed party may object to the subpoena as a whole and file a motion to quash'").

Moreover, even if parties could waive *Intel* factor arguments, Apple did not. "'[W]aiver is the intentional relinquishment or abandonment of a known right.'" *Claiborne v. Blauser*, 934 F.3d 885, 893 (9th Cir. 2019) (citation omitted). Here, the initial order directing Apple to respond provided that any response would be "without prejudice to [Apple's] opportunity to file a motion to quash or modify the subpoena." Dkt. 8. Relying on that license, Apple's response explained it did not yet have the information to take a position, reserved all potential challenges, and asked this Court to recognize it could do so. Dkt. 14. This Court then *granted* that request, providing its order was "without prejudice to any [Apple] argument." Order 5. HMD never explains how else this Court's orders might be interpreted, or how Apple could have knowingly abandoned its arguments given this Court's recognition that Apple could and did preserve them.

Nor can HMD prevail by contending that Apple somehow waived the contention that it can make these arguments. *Contra* Opp. 5. Apple did not anticipate HMD would ultimately oppose the motion to quash on that ground, given the clarity of this Court's orders. But Apple nevertheless detailed the orders authorizing Apple to make these arguments, along with Apple's prior response reserving that ability and the supporting authority Apple cited. *See* Dkt 21 at 2-3. Because Apple has repeatedly maintained it may raise these arguments in a motion to quash and clearly set forth the basis for that position, it cannot have waived its opposition to HMD's waiver argument.

### III.   THE *INTEL* FACTORS WEIGH AGAINST HMD'S REQUEST

HMD seeks to evade the merits of its § 1782 application for good reason. HMD originally asserted its demands were proper because a German court had "denied" its request for production of Huawei's licenses with Qualcomm. App. 3-4. But as Apple explained, the German courts never rejected that discovery request, and HMD failed to disclose it *also* has pending requests for the evidence HMD seeks from Apple here—applications the German courts have not resolved because this evidence is not (and may never be) relevant to any issue being addressed. Mot. 3-4. In response, HMD cannot deny it filed these applications in Germany or that they remain pending. Instead, it

DAVIS WRIGHT TREMAINE LLP

now offers a new rationale: German courts purportedly cannot compel Huawei to produce any documents. Dkt. 23 ¶¶ 4-11.

HMD's new explanation—like its original—omits crucial details. German courts do not lack authority to grant HMD's discovery requests. *Contra* Opp. 8. If they did, HMD would not have filed its applications in the first place. Instead, while German courts cannot necessarily *coerce* Huawei to comply with discovery orders, they can still order Huawei to produce these documents. *See* Ex. 1, Waldeck Supp. Decl. ¶¶ 6-7, 9. If Huawei defied such an order, German courts could draw adverse inferences against it and presume the documents support HMD's defense. *Id.* ¶ 7. Notably, HMD provides no reason to think Huawei would violate any German production order given that possible sanction. *Id.* ¶ 10. Rather, HMD's hope seems to be that this Court will be unwilling to consider these supposed "nuances of German law." Opp. 9. But HMD may not rely on the uncertainty that its own shifting and incomplete explanations have created; it must affirmatively show its entitlement to the relief it seeks.[2] HMD cannot meet that burden if it simply ignores the import of its pending German applications for the same information it requests here.

Most tellingly, HMD never attempts to distinguish *Andover Healthcare, Inc. v. 3M Co.,* 817 F.3d 621 (8th Cir. 2016), which affirmed denial of a § 1782 application where, as here, "[t]he German court[s are] in a position to order the requested discovery if the information is needed." *Id.* at 624. Instead, HMD declares *Andover* "a case this District has declined to follow." Opp. 6. But HMD misreads the sole case it cites, which merely distinguished *Andover* as "inapposite" where the record established a German court would not have the opportunity to grant the requested discovery. *Palantir Technologies, Inc. v. Abramowitz*, 415 F.Supp.3d 907, 913 (N.D. Cal. 2019). That is not true here. And for that critical reason, each *Intel* factor weighs against HMD.

**A. The evidence HMD seeks is available in the German proceedings (Factor 1).**

The first *Intel* factor weighs against HMD's request because, while Apple is not a party in the German litigation, HMD has no "need" to secure the requested evidence here given its pending German applications. *Intel*, 542 U.S. at 264. HMD's cited decisions are not to the contrary; none

---

[2] HMD argues "'[t]he burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant.'" Opp. 5. But as Apple explained, courts recognize, and HMD never addresses, the discovery rules in ordinary "civil litigation" do not apply. Mot. 5 & n.2.

3
APPLE INC.'S REPLY ISO MOTION TO QUASH SUBPOENA
Case No. 25-mc-80022-EKL

involved circumstances where the foreign court might order the same discovery. *See* Opp. 6.[3] The same goes for HMD's judicial estoppel argument. HMD cannot meet its "heavy burden" to justify that "extraordinary sanction" (*Deppe v. United Airlines*, 2001 WL 902648, at *9 (N.D. Cal. July 31, 2001)) when Apple simply argued this *Intel* factor was satisfied where there was no indication the evidence could be obtained abroad. Opp. 6-7. Apple's prior contention that there is "no requirement" to prove discovery is definitively *not* available abroad (*In Ex Parte Apple Inc.*, No. 3:12-mc-80013-JW, Dkts. 1, 12 at 5 (N.D. Cal.)) does not contradict its position that where there is evidence that discovery abroad *is* available through pending requests, that weighs against § 1782 relief.

**B. German courts' characteristics and receptivity weighs against discovery (Factor 2).**

As Apple explained, the second *Intel* factor weighs against HMD for two reasons: (1) the German courts' failure to grant HMD's pending requests indicates they are not currently receptive to this evidence; and (2) German courts have more limited confidentiality protections. Mot. 7-8. HMD does not respond to the second point. Opp. 7-8.[4] Its arguments on the first are little better. HMD contends that courts have held, and Apple has previously argued, that German courts are *generally* receptive to § 1782 evidence. Opp. 7-8. True enough—Apple acknowledged as much. Mot. 7. That says nothing about the specific reluctance of the German courts to order production of the evidence HMD seeks. Notably, HMD never distinguishes *Baxalta Inc. v. Genentech, Inc.*, 2016 WL 11529803 (N.D. Cal. 2016), which held this factor weighed against discovery given the Japanese court's failure to order production of the requested evidence, even if Japanese courts would generally "be receptive to evidence obtained . . . through a Section 1782 application." *Id.* at *6.

**C. HMD's application is an attempt to circumvent German courts' policies (Factor 3).**

The third *Intel* factor weighs against HMD because it is circumventing German courts' policy of ordering the sort of discovery HMD requests only if needed. Mot. 8. HMD's opposition misstates the legal standard: this *Intel* factor weighs against discovery that creates the "perception

---

[3] In fact, *In re Ex Parte LG Elecs. Deutschland GmbH*, 2012 WL 1836283 (S.D. Cal. May 21, 2012) held the possibility the information could be obtained abroad weighed *against* discovery. *Id.* at *2.

[4] If HMD's attempt (Opp. 8) to distinguish *Via Vadis Controlling GmbH v. Skype, Inc.,* 2013 WL 646236 (D. Del. Feb. 21, 2013) constitutes its response, it fails: while *Via Vadis* concluded a number of factors weighed against discovery, that does not change the fact that one of them was the "nature of the foreign tribunal" given Germany's limited confidentiality protections. *Id.* at *3

4
APPLE INC.'S REPLY ISO MOTION TO QUASH SUBPOENA
Case No. 25-mc-80022-EKL

that an applicant has 'side-stepped' less-than-favorable discovery rules." *In re Path Network, Inc.* 703 F. Supp. 3d 1046, 1063 (N.D. Cal. 2023). Recent cases make clear that only the second *Intel* factor considers "authoritative proof" the foreign court is generally unreceptive to U.S. discovery. *Contra* Opp. 9; *see Baxalta*, 2016 WL 11529803 at *6; *supra* p. 4 (explaining this factor is satisfied where court has not requested the specific evidence). HMD cannot distinguish Apple's cited cases holding that bypassing a foreign policy of phasing discovery weighs against § 1782 relief. While the particular phases there involved liability and damages—not, as here, infringement and FRAND—that is a distinction without a difference. *Contra* Opp. 9. To the extent HMD argues the German guidelines providing for phased discovery are not binding law (Opp. 8-9), that is irrelevant: HMD is still subverting the German courts' "policies." *Intel,* 542 U.S. at 265. And HMD again provides no basis for estoppel (*see* Opp. 9): Apple's prior arguments pre-dated cases like *In re Path Network* and *Baxalta*, which clarified the applicable standard, and HMD identifies no case where Apple argued this factor was satisfied while it had parallel foreign discovery applications pending.

**D.  HMD's discovery requests are unduly intrusive (Factor 4)**

Finally, HMD's requests are "unduly intrusive" (*Intel,* 542 U.S. at 265) because exporting this sensitive information to Germany creates confidentiality concerns disproportionate to any apparent need for this evidence. Mot. 9. HMD devotes much of its opposition to contending its requests are not burdensome. Opp. 9-10. Its brief reply to Apple's actual concern—confidentiality—does not show that concern is unfounded: while German courts have severe penalties for *violating* confidentiality protections (Opp. 9-10), those protections remain more limited. Dkt. 21-2 (Waldeck Decl.) ¶¶ 18-19. Contrary to HMD's mischaracterization, Apple does not argue such discovery is therefore never appropriate for use in German courts (nor would it, having itself sought similar information). *See* Opp. 10. Rather, Apple's point is that such invasive discovery is not warranted *here* given the German courts' ability to grant HMD's pending applications if this evidence is relevant. Mot. 10; *see Andover,* 817 F.3d at 624. HMD has no meaningful response.

## IV. CONCLUSION

Apple's motion to quash the subpoena should be granted.

DATED this 20th day of June, 2025.

        Davis Wright Tremaine LLP

        <u>s/ *James Sigel*</u>
        James Sigel
        Joseph Elie-Meyers

        *Attorneys for Respondent Apple Inc.*