Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Madeline A. Woodall (State Bar No. 351664)
25-80022@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Applicant HMD Global Oy*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. 5:25-mc-80022-EKL <br><br> **DECLARATION OF AXEL VERHAUWEN IN RESPONSE TO COURT ORDER** |

I, Axel Verhauwen, with my professional address at Bennigsen-Platz 1, 40474 Dusseldorf, Germany, declare under 28 U.S.C. § 1746 as follows:

1.      I am an attorney at law admitted to practice in Germany. I am a partner at the Düsseldorf office of the law firm Krieger Mes. I studied law at the University of Tübingen, Germany. I have been admitted as a *Rechtsanwalt* (attorney at law) to practice before the German courts since 1996. I have specialized in German, European, and global patent litigation since then and am recognized as a leading German patent litigator in relevant lawyer directories. I have been dealing with hundreds of patent infringement proceedings before court. In addition, I was a Lecturer at the Hagen Law School for Intellectual Property. I was co-author of the well-respected Patent Law Handbook (*Handbuch des Patentrechts*) and I am co-author of the well-respected Patent Commentary of Peter Mes. I also participate in various respected international patent organizations, including the International Association for the Protection of Intellectual Property (AIPPI) and the German Association for the Protection of Intellectual Property (GRUR). I have experience as a German lawyer with proceedings under 28 U.S.C. § 1782 for discovery in support of foreign proceedings.

2.      Due to a conflict at Hogan Lovells International LLP I have been instructed by Warren Kash Warren LLP to make this declaration on behalf of HMD Global Oy (hereinafter: "HMD") in order address the status of the German proceedings between Huawei Technologies Co. Ltd (hereinafter "Huawei") and HMD. I have inquired about the status of these German proceedings and the status the 28 U.S.C. § 1782 proceedings at hand and I make this declaration based on my own personal knowledge.

3.      In the following, I will comment on the questions raised in the order dated 20 August 2025.

   1. **Whether the Munich District Court has issued a decision in the proceedings with the docket no. 21 O 13092/22**

4.      In the Munich District Court first instance infringement proceedings with the docket no. 21 O 13092/22, the court has issued a judgment on 27 June 2025.

   2. **If a decision has been issued, the nature of the decision and whether HMD Global Oy's production request was addressed**

5.      The Munich District Court dismissed Huawei's infringement action as unfounded due to lack of indirect patent infringement. The court found that the attacked embodiments (HMD's 4G/LTE mobile devices) cannot be regarded as means relating to an essential element of the patent protected invention – which is a requirement for the asserted indirect patent infringement under German patent law. According to the court's findings, the patent protected invention is instead performed by the network, whilst the attacked embodiments can merely be considered as a passive element, receiving a certain identifier from the network.

6.      The decision did not address the production request made by HMD.

### 3. The impact, if any, on HMD's document request in this case

7.      The aforementioned first instance judgment did not change the situation with respect to HMD's production request. It remains the case that the materials sought by HMD will be unavailable whilst HMD still has an urgent need to obtain these materials.

8.      On 25 July 2025, Huawei appealed the first instance decision infringement proceeding with the docket no. 21 O 13092/22. HMD will maintain its exhaustion defense and its FRAND defense in all pending appeal proceedings. Accordingly, HMD will also maintain its production request as HMD needs the materials sought for the aforementioned defenses.

9.      However, it is to be expected that the appeals court will not grant the respective production request. In para. 9 of the second declaration provided by Wolrad Prinz zu Waldeck und Pyrmont on 20 June 2025 (hereinafter: *Prinz zu Waldeck und Pyrmont Declaration II*) it is stated (emphasis added):

> *Courts have, in established practice, ordered the production of license agreements defined by specific categories—even in the absence of exact names or dates—**so long as a clear connection exists between the document's content and the relevant factual assertions***.

10.     Although reference is made here to an "established practice" of the courts, no court decisions but only two secondary sources are cited. However, the first commentary literature cited (Musielak/Voit, Commentary on German on the German Code of Civil Procedure/Stadler, § 142 ZPO, mn. 4a) instead confirms the difficulties in obtaining orders for the production of documents pursuant to Section 142 (translated from the German language):

> *In view of the difficulties in obtaining orders for the production of documents pursuant to Section 142, practice is increasingly shifting in proceedings in which the required documents are located in the USA to requests for production to US courts pursuant to Section 1782 of the United States Code, which makes it possible to obtain documents for use in German proceedings under the more generous rules of American pretrial discovery.*

11.     These difficulties result in particular from requirement that the party seeking a production order based on Section 142 must demonstrate "*a clear connection [between] the document's content and the relevant factual assertions*". This raises the question of how HMD is supposed to demonstrate this clear connection if it does not have access to the entire content of the relevant documents.

12.     The second commentary literature cited (Munich Commentary on the German Code of Civil Procedure (MüKoZPO)/Fritsche, §§ 142- 144 ZPO, mn. 11) only confirms the requirement to demonstrate a clear connection between the document's content and the relevant factual submission and requires a conclusive presentation based on specific facts (translated from the German language):

> *The provision does not relieve the party referring to a document of its burden of presentation and substantiation, and the court must not order the submission for the sole purpose of obtaining information, but only if there is a conclusive presentation based on specific facts. The document must also be sufficiently specific to be identifiable, including with regard to the connection between the content of the document and the relevant factual submission.*

13. This – again – leads to the question of how HMD shall be able to meet this requirements if HMD has no access whatsoever to the content of the documents sought with the 1782 application at hand.

14. Irrespective of this, the following remains unchanged: Even if the appeals court granted a disclosure order requested by HMD based on Section 142, Huawei could still deny producing the material and there would be no way for the appeals court to compel the production of the material. Apple did not deny this fact, so it is undisputed.

15. In para. 7 of the Prinz zu Waldeck und Pyrmont Declaration II it is merely stated that a failure of a litigating party to comply with a production order *may* permit the court to draw an adverse inference—such as presuming that the withheld documents would have supported the opposing party's contentions. The assessment of non-compliance would therefore apparently be at the discretion of the court. Hence, if Huawei refused to produce the relevant documents pursuant to a respective production order, it would still be open whether the court would assume that these documents support HMD's contentions or defenses. HMD therefore has an overriding interest in providing positive and concrete evidence that the relevant documents support HMD's contentions or defenses. To be able to do so, HMD is dependent on obtaining the concerned documents through the 1782 proceedings at hand in order to be able to submit them to the German court.

### 4. Any other relevant updates regarding the German proceedings

16. The appeal proceedings in the two other German matters (docket no. 6 U 3511/24 and 6 U 3537/24) remain pending. The appeals court set a hearing date of 22 January 2026, but cancelled it due to scheduling conflicts. The court will set a new date for the hearing, which will likely be in 2026.

17. Although these matters are before a court of appeal, as Dr. von Falck explained in his declaration of 3 February 2025, new evidence can be presented and will be taken into account by the court of appeal, so HMD would still be able to use any documents obtained via the 1782 proceedings at hand in these proceedings as well.

Düsseldorf, 09/03/2025

Axel Verhauwen