JAMES R. SIGEL (State Bar No. 288478)
  jamessigel@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-4850

JOSEPH ELIE-MEYERS (State Bar No. 325183)
  josepheliemeyers@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800

Attorneys for Respondent
APPLE INC.

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. 25-mc-80022-EKL<br><br>**SECOND SUPPLEMENTAL DECLARATION OF WOLRAD PRINZ ZU WALDECK UND PYRMONT IN SUPPORT OF APPLE INC.'S MOTION TO QUASH SUBPOENA ISSUED PURSUANT TO 28 U.S.C. § 1782** |

I, Wolrad Prinz zu Waldeck und Pyrmont, declare under penalty of perjury under the laws of the United States as follows:

1. I am an attorney admitted to practice in Germany and a partner in the Dusseldorf office of the law firm Freshfields PartG mbB.

2. I previously submitted two declarations in the above captioned proceedings in support of Apple Inc.'s motion to quash HMD's subpoena (the "*First Declaration*" and the "*Supplemental Declaration*").

3. I make this supplemental declaration based on my own personal knowledge and based on documents that I have reviewed. If called as a witness, I could competently testify to all facts within my personal knowledge.

4. In the Munich District Court proceedings docket no. 21 O 13092/22, the Munich District Court dismissed Huawei's infringement complaint against HMD Global Oy on 25 June 2025. Because the Court dismissed the claims on the basis of non-infringement, it did not reach HMD's "FRAND" defense, or address HMD's request for the production of any license agreements between Huawei and Apple.

5. As a result of this order, there are no longer ongoing district court proceedings to which the evidence sought in HMD's Petition could be relevant.

6. As we have been informed by the Munich Court of Appeal, on 25 July 2025, Huawei has filed an appeal from the district court's decision. The appeal proceedings has the docket no. 6 U 2337/25. As I have already stated in my *First Declaration* with regard to the other pending Munich Court of Appeal cases (*id.*, at 14 et seq.; see also *Supplemental Declaration,* at 11), the Court could order the production of any requested license agreements if it deemed them necessary to resolve the dispute. This would only be the case if the court reverses the District Court decision that dismissed the case for non-

infringement, does not stay the proceedings for lacking validity of the patent, and, finally, if it deems access to the requested licence agreements necessary to assess HMD's FRAND defense.

7. The Munich Court of Appeal had scheduled oral hearing in the other two appeal proceedings for January 22, 2026. We understand that one of the parties has requested a rescheduling due to a conflict and that such rescheduling order is still outstanding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3 September 2025, at Cologne, Germany.

*[signature]*

Wolrad Prinz zu Waldeck und Pyrmont