UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: EX PARTE APPLICATION OF
HMD GLOBAL OY FOR AN ORDER
UNDER 28 U.S.C. § 1782 TO OBTAIN
DISCOVERY FOR USE IN FOREIGN
PROCEEDINGS

Case No.  25-mc-80022-EKL

**ORDER GRANTING RESPONDENT'S
MOTION TO QUASH SUBPOENA
ISSUED PURSUANT TO 28 U.S.C.
§ 1782**

Re: Dkt. No. 21

On May 29, 2025, Apple Inc. ("Apple") filed a motion to quash a subpoena served upon Apple, by HMD Global Oy ("HMD"), pursuant to 28 U.S.C. § 1782.  Mot. to Quash, ECF No. 21 ("Mot.").  For the following reasons, the Court GRANTS Apple's motion.

I.      **BACKGROUND**

A.      **Facts and Procedural History**

HMD filed its 28 U.S.C. § 1782 application, seeking authorization to serve a subpoena on Apple to obtain discovery to defend against patent infringement claims brought by Huawei Technologies Co., Ltd ("Huawei") in three separate cases before the Munich District Court in Germany.  ECF No. 1.  The application sought one category of documents:  "All agreements between [Apple] and Huawei, including the 2015 agreement referred to on page 11 of the Huawei White Paper entitled 'The Foundation of Innovation' (2020)[.]"  *Id.* at 2.

Not long after HMD filed its § 1782 application, Apple submitted a response, where it did not oppose the application but "reserve[d] all rights and objections with respect to HMD's proposed subpoena[.]"  ECF No. 14 at 2.  The Court granted HMD's application, on May 14, 2025, explicitly stating that "[t]his Order is without prejudice to any argument that may be raised in a motion to quash or other motion from Apple[.]"  ECF No. 19 at 5.  HMD proceeded to serve a

subpoena on Apple containing a single document request for, in relevant part, specific licensing agreements between Apple and Huawei, after which Apple moved to quash it.

### B.    German Proceedings

In each of the three German proceedings, HMD has requested the same discovery it seeks here, but from Huawei rather than Apple.  Decl. of Wolrad Prinz zu Waldeck und Pyrmont ¶¶ 8-9, ECF No. 21-2 ("Waldeck First Decl."); Decl. of Andreas von Falck ¶¶ 20, 25, ECF No. 1-1 ("von Falck First Decl.").  The German courts have dismissed each of Huawei's infringement actions, without ruling on the merits of HMD's discovery requests.  Huawei appealed two of the dismissals in September and October 2024, and oral arguments have been scheduled for 2026.  von Falck First Decl. ¶¶ 5, 7; Waldeck First Decl. ¶¶ 9; Decl. of Axel Verhauwen ¶ 16, ECF No. 27 ("Verhauwen Decl."); Second Supp. Decl. of Wolrad Prinz zu Waldeck und Pyrmont ¶ 7, ECF No. 28 ("Waldeck Second Supp. Decl.").  The third proceeding was dismissed in June 2025, and Huawei appealed the dismissal in July 2025.  Verhauwen Decl. ¶¶ 4-5, 8; Waldeck Second Supp. Decl. ¶ 6.

## II.    DISCUSSION

### A.    Apple Did Not Waive its *Intel* Factors' Arguments

HMD argues that, because Apple did not oppose HMD's § 1782 application, it waived its opportunity to address the *Intel* factors in its motion to quash.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004); Opp. at 3-4, ECF No. 22.  HMD's waiver argument is not persuasive.

"[O]rders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash[.]"  *In re Req. for Int'l Jud. Assistance from the Elena Dist. Ct.,* No. 25-mc-80151, 2025 WL 1853762, at *2 (N.D. Cal. July 3, 2025) (citation omitted); *see also In re Gliner*, 133 F.4th 927, 930 n.1 (9th Cir. 2025) ("Parties can contest § 1782 subpoenas by motions to quash[.]").  In this case, the Court authorized HMD to serve a subpoena on Apple under § 1782, "without prejudice to any argument that may be raised in a motion to quash . . . from Apple[.]"  ECF No. 19 at 3, 5.  Thus, the Court

expressly permitted Apple to raise "any argument" in a motion to quash, including arguments based on the *Intel* factors. *Baxalta Inc. v. Genentech, Inc.*, No. 16-MC-80087, 2016 WL 11529803, at *4 (N.D. Cal. Aug. 9, 2016) ("The fact that this Court previously granted the application does not preclude quashing the subpoenas at issue here.").

HMD suggests that this is beside the point, due to the holding in *CPC Pat. Techs. PTY Ltd. v. Apple, Inc.*, 34 F.4th 801 (9th Cir. 2022). But *CPC* does not preclude Apple from raising its arguments in a motion to quash. In *CPC*, the Ninth Circuit simply held that magistrate judge orders denying §1782 applications are dispositive orders that should be reviewed *de novo* by the district court. 34 F.4th at 803, 810. Thus, *CPC* does not foreclose Apple's arguments in its motion to quash.

*London v. Does 1-4*, cited by Apple, is more instructive. Mot. at 9 (citing *London v. Does 1-4*, 279 F. App'x 513 (9th Cir. 2008)). There, a party to a foreign divorce proceeding filed a § 1782 application seeking to obtain discovery from Yahoo! for use in the divorce proceeding. After the district court granted the application and the subpoena was served, the opposing party in the divorce proceeding moved to quash. The district court analyzed the *Intel* factors and denied the motion to quash; the Ninth Circuit affirmed this decision. *Id.* at 514-15. Accordingly, the Court finds HMD's waiver argument lacks merit.

**B.    Apple is Not Judicially Estopped from Raising its *Intel* Factors' Arguments**

For each *Intel* factor that Apple addresses in its briefing, HMD asserts the doctrine of judicial estoppel forecloses Apple's arguments due to positions Apple took in prior, unrelated proceedings. Opp. at 6-10. These arguments also fail.

The doctrine of judicial estoppel protects "the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Henderson v. Bonaventura*, 649 Fed. Appx. 639, 642 (9th Cir. 2016) (citation omitted). Judicial estoppel is an "equitable doctrine invoked by a court at its discretion." *Ah Quin v. Cnty. of Kauai DOT*, 733 F.3d 267, 270 (9th Cir. 2013) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). To determine whether it applies, courts do not apply an "exhaustive formula." *Kensington Aptartment Props., LLC v. Loanvest IX, LP*, Nos. 23-3294, 24-1258, 2025 WL

3

1201427, at *1 (9th Cir. Apr. 25, 2025) (citations omitted).  Rather, courts consider:  "(1) whether the party's later position is clearly inconsistent with its earlier one, (2) whether the party was successful in persuading the court of its earlier position, and (3) whether the opposing party would suffer any prejudice."  *Henderson*, 649 Fed. Appx. at 642.

The Court finds the positions Apple took in the previous cases, cited by HMD in its opposition, are not clearly inconsistent with the position it is taking in this litigation.  *See* Opp. at 6-10 (citing *In re Apple Retail UK Ltd.*, 2020 WL 3833392 (N.D. Cal. July 8, 2020); *In re Apple Inc.*, No. 12-147, ECF No. 9 (S.D. Cal. Jan. 18, 2012); *In re Ex Parte Apple Inc.*, No. MISC 12-80013, 2012 WL 1570043 (N.D. Cal. May 2, 2012); *In re Ex Parte Application of Apple Inc.*, No. 18cv1055, 2018 WL 5004997 (S.D. Cal. Oct. 16, 2018)).  In these previous litigations, Apple was seeking authorization under § 1782 to *obtain* discovery that it sought to use in foreign tribunals, while here it is attempting to *quash* HMD's § 1782 subpoena seeking discovery to be used in foreign tribunals.  Apple's arguments are not clearly inconsistent because "the posture and facts" of these past cases "are different enough to distinguish the two situations."  *Gavaldon v. Stanchart Sec. Int'l*, No. 12cv3016, 2014 WL 1292907, at *4 (S.D. Cal. Mar. 28, 2014) (finding party opposing judicial estoppel did not take inconsistent positions, because it was a plaintiff seeking to arbitrate in the previous action but was defending against the vacatur of an arbitration award in the current one); *cf. Patton v. Experian Data Corp.*, No. 17-01559, 2018 WL 6190349, at *5 (C.D. Cal. Jan. 23, 2018) (concluding party's "current position is not incompatible with its earlier position" because the underlying factual circumstances and parties were different).  HMD's arguments to the contrary are unavailing, especially considering it does not cite a single case where judicial estoppel was applied under like circumstances, and the Court has found none.

Based on the above, Apple is not judicially estopped from raising its *Intel* factors arguments in its motion to quash.

### C.    The *Intel* Factors Weigh in Favor of Granting Apple's Motion to Quash.

The Court now turns to the *Intel* factors, finding that they weigh in favor of granting the motion.  A district court has discretion to decide whether to assist a party seeking discovery

pursuant to § 1782.[1]  *Intel*, 542 U.S. at 264.  In *Intel*, the Supreme Court provided four factors courts must consider in determining whether and how to exercise their discretion:  (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome."  *Id*. at 264-65.

### 1.     First Factor

The first *Intel* factor – whether discovery sought is from a party to the foreign proceeding – weighs in favor of granting Apple's motion to quash.  While Apple is not a party to the three proceedings in Germany involving HMD and Huawei, HMD seeks the same discovery from Apple (*i.e.*, certain licensing agreements between Apple and Huawei) that it requested from Huawei in the German proceedings.  Because HMD does not *need* the Court's assistance in obtaining evidence available to it in the German proceedings, this factor weighs against upholding HMD's § 1782 subpoena.  *See Intel,* 542 U.S. at 264; *In re Ex Parte LG Elecs. Deutschland GmbH*, No. 12cv1197, 2012 WL 1836283, at *2 (S.D. Cal. May 21, 2012).

HMD argues that "[t]he German courts cannot compel Huawei to produce materials." Opp. at 6 (citing Second Decl. of Andreas von Falck ¶¶ 4-8, ECF No. 23 ("von Falck Second Decl.")).  Specifically, HMD's German attorney, Andreas von Falck, asserts that, under Section 142 of the German Civil Code of Procedure, "German courts cannot enforce production of evidence located outside of Germany."  von Falck Second Decl. ¶ 5.  But as Apple's German attorney, Wolrad Prinz zu Waldeck und Pyrmont, points out, HMD fails to cite any support for its position.  Supp. Decl. of Wolrad Prinz zu Waldeck und Pyrmont ¶ 6, ECF No. 25-1 ("Waldeck Supp. Decl.").  In contrast, Apple provides sources showing "[o]nce the relevance of a document

---

[1] It is undisputed that HMD meets the statutory factors, so the Court focuses on the discretionary factors.  *See Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)); Mot. at 5; Opp. at 3.

United States District Court
Northern District of California

to the disputed issues is established, German courts retain the discretion to order its production regardless of its physical location." Waldeck Supp. Decl. ¶ 6 (citing Gebauer/Wiedmann, Commentary on European Civil Law (EurZivilR)/Huber, Art. 1 EuBVO, mn. 45; Geimer, International Civil Procedure Law/Geimer, Chapter 8, mn. 440). Therefore, it appears that German courts may have procedures in place for enforcing discovery orders outside of Germany.[2]

Because the discovery sought from the § 1782 subpoena may be obtained from Huawei in the German proceedings, the first *Intel* factor weighs in favor of quashing the subpoena. *See Deutschland*, 2012 WL 1836283, at *2 (explaining that this factor weighed against the party seeking § 1782 discovery where it could be obtained from a party to the foreign proceeding).

### 2.    Second Factor

The second *Intel* factor – whether the foreign tribunal would be receptive to the evidence in question – weighs against the motion to quash. Apple does not dispute that German courts are generally receptive to discovery obtained through § 1782 applications. Mot. at 7; Opp. at 7. And Apple fails to cite any authoritative evidence demonstrating that the German courts would reject HMD's proffer of evidence obtained via its application. *Siemens AG v. W. Digit. Corp.*, No. 8:13-CV-01407, 2013 WL 5947973, at *3 (C.D. Cal. Nov. 4, 2013) ("[W]hen evaluating whether foreign tribunals would accept U.S. assistance, courts look for 'authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of section 1782.'" (quoting *Euromepa, S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir.1995))). Instead, Apple argues "the German courts have done nothing to suggest that they are currently receptive to the specific evidence HMD seeks here" because HMD's document requests were not resolved in the German proceedings. Mot. at 7. However, the German courts' inaction as to the requests does not give clear guidance regarding whether they would or would not be receptive to receiving such evidence via other

---

[2] HMD also argues that, even if the German courts ordered Huawei to produce the documents in question, "Huawei could still deny producing the material." von Falck Second Decl. ¶ 7. But there is no indication that Huawei would not produce the requested discovery if ordered to do so. And if Huawei refused to produce, it appears that Section 286 of the German Code of Civil Procedure contemplates adverse inferences to be drawn when a party fails to comply with discovery orders. Waldeck Supp. Decl. ¶¶ 7, 10 (explaining "Huawei is a regular litigant in the German patent courts including the Munich District Court, and the prospect of being in the same court again typically acts as a further restraint against not complying with a court order.").

United States District Court
Northern District of California

1    channels.  In the absence of "authoritative proof" showing the German courts would not be

2    receptive, the second *Intel* factor weighs in favor of upholding HMD's subpoena.

### 3.    Third Factor

4    The third *Intel* factor – whether the § 1782 discovery sought is a means to circumvent the

5    foreign tribunals' evidence gathering restrictions or policies – weighs in favor of granting the

6    motion to quash.  By seeking the same discovery it sought in the German proceedings, HMD's

7    § 1782 subpoena appears to be an attempt to circumvent the German courts' policies.  As Apple's

8    German counsel, Waldeck, explains, the Munich District Court's Guidelines in Patent Proceedings

9    contemplate that courts will not rule on discovery requests until the information requested

10    becomes relevant, which tends to occur after oral arguments.  Waldeck First Decl. ¶¶ 10-12;

11    Waldeck Supp. Decl. ¶¶ 4-5.  This type of phased discovery is what happened in the German

12    proceedings regarding HMD's document requests to Huawei.  Waldeck First Decl. ¶¶ 10, 12-13;

13    Waldeck Supp. Decl. ¶¶ 8-9, 11; Waldeck Second Supp. Decl. ¶¶ 4, 6.

14    In response, HMD argues "those 'guidelines' are exactly that, and cannot override the

15    general law allowing submission of evidence, including evidence obtained through § 1782."  Opp.

16    at 8 (citation omitted).  But whether HMD *could* submit evidence it obtains through a § 1782

17    subpoena is not relevant to the inquiry at hand.  In fact, courts within the Ninth Circuit have

18    determined that, where German regulations "bifurcate patent infringement actions," allowing a

19    § 1782 applicant to "prematurely gather discovery information . . . 'would undermine [the]

20    specific policy' underlying German law's bifurcations of patent infringement actions."  *See, e.g.*,

21    *Siemens*, 2013 WL 5947973, at *4 (citations omitted).  The Court follows suit and concludes that

22    the third *Intel* factor supports Apple's motion to quash.

### 4.    Fourth Factor

24    The fourth *Intel* factor – whether the discovery requests are unduly burdensome or

25    intrusive – weighs in favor of denying the motion to quash.  Apple does not assert that producing a

26    specific set of agreements between Apple and Huawei would be unduly burdensome.  Instead, it

27    contends "HMD's requests are 'unduly intrusive'" considering "exporting this sensitive

28    information to Germany creates confidentiality concerns disproportionate to any apparent need for

United States District Court
Northern District of California

this evidence."  Mot. at 9-10; Reply at 5, ECF No. 25.  Both parties agree that, in patent infringement proceedings, German courts may issue a confidentiality order, pursuant to the German Trade Secrets Protection Act.  Waldeck First Decl. ¶ 18; von Falck Second Decl. ¶ 17 (noting German law provides for significant criminal penalties for violating confidentiality orders).  Although Apple claims third-party intervenors may nonetheless obtain access to the confidential information disclosed in German proceedings, there is no indication that this would occur here.[3]  Waldeck First Decl. ¶¶ 19-20.  The Court is satisfied that protections found under German law would be sufficient and that disclosure would not be unduly intrusive to Apple.  Thus, the fourth *Intel* factor weighs in HMD's favor.

### 5.    Weighing the Discretionary Factors

Although German courts appear to be generally receptive to discovery obtained through a § 1782 application and HMD's request is not unduly burdensome or intrusive, the Court finds that the other *Intel* factors weigh in favor of quashing HMD's subpoena.  "The German court[s] [are] in a position to order the requested discovery if the information is needed."  *Andover*, 817 F.3d at 624.  Deference to the German courts is appropriate, particularly given the past discovery requests and pending requests before the German appellate courts.

## III.    CONCLUSION

For the foregoing reasons, the Court GRANTS Apple's motion to quash.

**IT IS SO ORDERED.**

Dated: October 31, 2025

Eumi K. Lee
United States District Judge

---

[3] In arguing the fourth factor weighs in its favor, Apple relies on *Andover Healthcare, Inc. v. 3M Co.*, 817 F.3d 621 (8th Cir. 2016).  But in *Andover*, unlike in this case, the district court "relied on a declaration from German counsel" noting "there is no firm procedure in Germany to prevent disclosure to in-house counsel for Andover, that interested third parties may have access to the full case file, and that German courts do not frequently grant requests to exclude confidential information from their decisions."  *Id.* at 624.